LIPSCOMB, J.
The first question presented for our consideration is as to the meaning of the contract set out in the petition and its legal effect. Prom (he language employed in stating it we can entertain no doubt that it was a contract from mouth to month,'so long as it should be continued, and that each party would have a right'to termínale it at t lie expiration of a month; the bailor could demand his properly at such periods, or the bailee could surrender it up; but that after another month liad commenced to run neither the one nor the other could terminate it without the consent of the other until the month then running should elapse. 'Phis we believe to lie. clearly the law of such a contract of hiring or bailment. For the time stipulated in the contract the bailee is regarded as the owner and entitled to the entire control of the properly so bailed or let, with the restriction that it is not to he used for a purpose different from that tlie. parties to the contract contemplated. (Story on Bailments, sec. 373; Id., 333, and the. sections following under art. I and title Hike op THINGS; to the same point Story on Contracts, sec. 730 and 731; McGee v. Curry, 4 Tex. R., 221, and the authorities there cited.)
In tlie argument it was insisted by the counsel for the appellant that there is a distinction where the hiring is for a year and where it is for a shorter period; that in the latter ease the bailor can resume, his property at will. It is, however, believed that such a distinction lias no foundation in principle, nor has it the sanction of a single adjudged ease.
To apply the law,'then, to the facts as presented by the record in this case, it will lie seen that at the end of the first month the appellant demanded and received the stipulated wages for the slave, and that after the second mouth *39 liad run some ten or fifteen days lie demanded tlie slave to be delivered up to liim. The proof therefore fails entirely to support tlie allegation of a breach of the contract, as by that contract he could only have lawfully demanded her at the expiral ion of t.lie month. The jury therefore in finding a verdict for the defendant did not find contrary to tlie evidence hut strictly in accordance with it.
It will he found by a reference to the authorities already cited that the defendant was bound to take tlie same care of the slave hired that a prudent and reasonable master would use with his own slave. If he had failed to do so he would have been liable to the plaintiff for such damages as resulted from his failure to comply with and observe that'degree of care and diligence. If, however, the ¡plaintiff had sought to recover damages on this ground it should have been the subject, of a distinct averment, and there has been no rule more uniformly adhered to by 1liis court than tlie one that the alley ata and the probata must agree, and that the averments must he made so ¡is to let in the appropriate testimony. (Mims v. Mitchell, 1 Tex. R., 443; Coles v. Kelsey, 2 Tex. R., 541; Hall & Jones v. Jackson, 3 Tex. R., 3 Tex. R., 399, 310, 311.) And in the last case tlie concluding remarks of tlie court in giving its opinion are: “If, however, the “decree upon its face appeared sufficient'to divest the title of tlie defendant “to any .-pocilio lauds, yet, being based upon material facts which are not al“leged, and which therefore cannot constitute the basis of a decree or judg“ment. it cannot be supported.” There being no averment of negligence, it is altogether unnecessary to inquire whether'there was sufficient evidence of such fact to entitle tlie plaintiff to recover damages.
If tlie. plaintiff had proved a demand and a refusal to deliver up the slave at •the end of the first month when he demanded and received tlie month’s wages the defendant would by such violation of his contract have become liable for all loss, diligence or no diligence, as he would in such case have become the insurer against all loss. This is believed to be tlie doctrine of both foreign and American jurists, and such is believed to have been the ruling of this court at Galveston tlie last term in tlie case of Porter and Wife v. Milier. But this lie entirely failed to prove.
We therefore believe there is no error in the judgment in the court below, .and it is in all things affirmed.
Judgment affirmed.