**FINDLEY v. SOUTHERN SALES CO., Inc.**
No. 6498.

Court of Civil Appeals of Texas. Texarkana.
March 2, 1950.

Clarence E. McGaw, Snyder, for appellant.

Alison I. McLemore, Longview, for appellee.

LINCOLN, Justice.

The appellee sued the appellant in the District Court of Gregg County, Texas, upon a verified open account for goods, wares and merchandise alleged to have been sold and delivered by appellee to appellant at various times from January through April, 1949, aggregating $1,667.34. The appellant filed a verified answer which set forth specific items which he alleged were not just or true, aggregating $485.25. After a trial to the court judgment was rendered in favor of appellee for the full amount sued for, with interest.

Among the items contested by appellant are two lots of gabardine shirts at the invoice prices of $35 and $45 per dozen, respectively, and two lots of gabardine pants at $34.50 and $48 per dozen, respectively. These contested items amounted to $328. The appellant's contention is that the items were too high for his trade, and that he did not order the goods appellant shipped him, but ordered goods at an invoice price of $24 per dozen.

Appellant also contested an invoice of overalls and blue jumpers, the invoice price being $98.25. His complaint was that he ordered goods of one brand and that he was shipped goods of another and inferior brand. He further contested the shipment of one dozen women's slips on the ground that he bought according to a sample exhibited to him and that the appellee shipped to him a cheaper grade than that shown him by sample. He contested a shipment of anklets and boys' training pants, and alleged that appellee shipped to him second grade merchandise which was worthless,

of poor construction and unsalable. He contested a shipment of boys' and men's caps, and alleges that they were moth-eaten and worthless.

The testimony of appellant and of his witness who operated the store for him at Longview would support his contention with respect to each of the items referred to. However, the testimony on behalf of appellee was to the effect that the goods were ordered by the appellant and shipped according to his orders, that they were the identical goods ordered, and were in good condition. Appellant alleges that he requested the appellee to pick up this merchandise and that appellee's traveling salesman Haggard told him he would see what he could do about it. Haggard's testimony was that the only complaint appellant made to him was that he, appellant, had ordered merchandise which was too high-priced to sell to his trade. None of the merchandise was picked up by appellee.

Appellant proceeded to sell some of the merchandise, claiming that he sold it at a loss, says he gave some of it away because it was not salable, and finally sold his entire store, including what was left of the merchandise contested in his answer. After he discovered the facts alleged by him in his answer he wrote a letter to the appellee expressing regret that the bill had not been paid, giving reasons why it had not been paid, and the only complaint that he made about the articles sold and shipped to him was that "I bought the wrong merchandise for this location when I started out up here." He further said: "I had to turn right around and buy merchandise that people was calling for, so that has put me in a strain. I am going to pay you 100% on my account if the Lord is willing. I am not that kind of a man to beat my bills. I am sorry I have had this kind of luck but I think it will plan out for the best. I say my prayers every night, asking God to guide me so I can pay my bill."

Again, in June, 1949, long after the date of all shipments sued upon, he wrote another letter to the appellee in which he again expressed regrets that he had been unable to pay anything to appellee, and stated that it looked like it would be around June 15 before he could pay anything. In that letter he stated that he regretted to have to write it "because I promised you so faithfuly I would pay," and he closed his letter by saying "I still say I am going to pay you." On June 27, he wrote appellee another letter to the same effect in which he said "I know I have been promising to pay but I haven't been able to pay, and I still say I am going to pay the account." Sometime after this he sold his store, including the balance of the merchandise in suit which had not been disposed of.

■■ In view of all the testimony before the trial court, it was the duty of the court to resolve the conflicting fact issues in favor of one party or the other. He resolved it in favor of the appellee. There was evidence to support the judgment, and it is incumbent upon this court to accept the findings of fact involved in the judgment. This rule is too well known to require citation of authorities.

Appellant presents five points of error, all complaining of the action of the court in rendering judgment for the appellee. For the reason last above stated, we overrule the assignments in that respect.

■ The appellant also incorporates in each point of error a contention that the court erred in failing to find certain facts or to reach certain conclusions of law. There were no findings of fact or conclusions of law requested or filed. For instance, in the first point of error the appellant asserts that the trial court erred in failing to find that the law will imply a warranty on the part of the seller to deliver or ship goods conforming to an order previously given or transmitted by the buyer. This is an abstract proposition of law finding support in decisions. However, the judgment of the court involves a finding that the goods delivered conformed to the orders previously given by the buyer, so the legal proposition asserted has no application here.

■ The second point of error presents another abstract proposition of law in its assertion that the trial court erred in failing to find that where there is a breach of the contract by the appellee in tendering

or delivering merchandise to appellant not of the kind and quality called for by the order or contract, the buyer may reject the merchandise and sue for his damages. But, again the judgment of the court involves a finding that the appellee shipped and delivered the kind and quality of merchandise called for by the order or contract, and also involves a finding that the appellant did not reject the merchandise, but accepted it. So, even though the proposition stated may be correct, under the fact situation as found by the trial court, it has no application here.

What we have said with reference to the two points of error specifically mentioned may likewise be said of the remaining three points. We have carefully considered all of them and find that they do not present any reversible error. The judgment of the district court is affirmed.