**Mike SFAIR and Ward D. Heaner, Appellants,**

v.

**CITY OF SAN ANTONIO et al., Appellees.**

No. 10278.

Court of Civil Appeals of Texas.

Austin.

Jan. 5, 1955.

Rehearing Denied Jan. 26, 1955.

Spears & LeLaurin, Schlesinger, Goodstein & Semaan, A. A. Semaan, San Antonio, for appellants.

Carlos C. Cadena, City Atty., Lester L. Klein, Asst. City Atty., San Antonio, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment of the 45th Judicial District of Bexar County, Texas, sustaining appellees' Plea to the Jurisdiction of the Court and dismissing this cause.

This is a case wherein the Chief of Police of the City of San Antonio, in his official capacity, discharged two probationary employees under the authority of Section 12 of Article 1269m, Vernon's Revised Civil Statutes of the State of Texas, Firemen's and Policemen's Civil Service Act, during their probationary period. The discharged probationary employees sought an appeal to the Firemen's and Policemen's Civil Service Commission under Section 16 of Article 1269m, which provides for appeal by full-fledged Civil Service policemen from an order of suspension made by the Chief of Police. Failing in this, the discharged probationary employees, appellants herein, filed an appeal in the District Court. The District Court held that it had no jurisdiction or authority to review the action of the Chief of Police, who acted under the authority specifically granted him in Section 12 of Article 1269m in discharging probationary policemen, and the court dismissed said cause.

The appeal is based on eleven assignments of error and are to the effect that the court erred in holding that it does not have jurisdiction of this cause; in failing to hold that appellants are entitled to a direct appeal; that appellants were entitled to have their discharges reviewed by the Civil Service Commission; the error of the court in holding that the Chief of Police may act arbitrarily in discharging appellants so long as he acts within the framework of Section 12 of Article 1269m; that appellants are entitled to appeal to the courts regardless of whether they are given the right by Article 1269m; the error of the court in holding that the discharges were made by the Chief of Police in the manner contemplated by law; in holding that the discharges were prima facie in accordance with Section 12; in holding that the Chief of Police exercised his exclusive power to discharge appellants; in holding that the court could not go behind the letters of discharge; and not free to pass on the facts; and the "bona fide" of the discharges.

The appellees take the position that the sole question before this Court is whether or not the court had jurisdiction in this matter.

The appellants contend with respect to the court having jurisdiction in this matter that a probationary policeman cannot be discharged except in the same manner as a full-fledged civil service policeman who has completed the six months probationary period and who is entitled to the protection of all of the provisions of Article 1269m.

The trial court in its judgment found that probationary policemen were not entitled to all of the rights and benefits of those who have served for six months or longer, and fully entitled to all of the rights and benefits.

■ There is no statement of facts in this case and no separate findings of fact and conclusions of law. The findings of the trial court as set out in the judgment will be sustained and are conclusive on the reviewing court. Findley v. Southern Sales Company, 229 S.W.2d 421, Tex.Civ.App.; McDonald on Texas Civil Practice, Vol. 4, Sec. 16.10c, page 1302; Shroff v. Deaton, Tex.Civ.App., 220 S.W.2d 489; 3 Tex.Jur. p. 450.

Section 12 of Article 1269m reads, in part:

"A person who has received appointment to the Fire Department or Police Department hereunder, shall serve a probationary period of six (6) months. During such probationary period, it shall be the duty of the Fire Chief or head of the Fire Department or Police Chief or head of the Police Department to discharge all Firemen or Policemen whose appointments were not regular, or not made in compliance with the provisions of this Act, or of the rules or regulations of the Commission, and to eliminate from the pay rolls any

such probationary employee. When Firemen or Policemen, however, have served the full probationary period, they shall automatically become full-fledged civil service employees, shall have full civil service protection, the regularity of their appointment shall be presumed, and in any civil service hearing involving the removal or suspension of such employees, the sole inquiries shall be as to the truth or falsity of the specific charges filed against said employees by the Department head, as to the sufficiency of said charges, and as to what punishment, if any, should be administered. * * *"

■ We do not believe, that since the appellants had not served the full six months probationary period, it was necessary that specific charges be filed against them, and consequently the judicial requirement for a hearing before the Civil Service Commission and appeal to the courts as provided by Sections 17 and 18 of Article 1269m applicable to full-fledged civil service employees could not afford appellants any relief.

The Chief of Police, having discharged the appellants, such became final and no appeal is provided for by the Act for probationary employees who are on trial and in a temporary status.

There has been no ordinance passed pertaining to the classification of appellants as probationary policemen, and only through serving the six months probationary period could they obtain a classification and become full-fledged civil service employees, which would entitle them to the protection of having specific charges filed against them, a hearing before the Commission, and a right to appeal to the courts from an order of the Commission.

The rules adopted by the Commission and approved by the City Council, given force of law by statute in Section 12, are in part:

"Section 18. 'Public hearings' means an opportunity given not later than ten (10) days after an appeal by any person subject to these rules, who has completed the probationary period, to appear and be heard before the Commission.

"Section 92. 'Probationary Period.' All original appointments shall be for a probationary period of six months of actual service and no appointment shall be deemed finally made until the appointee has satisfactorily served his probationary period; * * *.

"Section 94a. In the absence of any report from the Department head that a probationary employee is unsatisfactory, such employee automatically becomes permanently employed at the end of the probationary period. At the termination of the period, such employee shall have full civil service rights and privileges.

"Section 94b. Regardless of whether or not a position has been established by the ordinance of this City, if an employee shall have been permitted to serve the six (6) months probationary period in such position, the service of such employee shall ipso facto constitute the creation of said position or office under a civil service classification."

■ Since the appellants could not bring themselves within the due process clause of our State or Federal Constitution, there is no violation of such right, the trial court would not have jurisdiction to review the reasons assigned in the dismissal order. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788; 131 A.L.R., page 396; Neuwald v. Brock, 12 Cal.2d 662, 86 P.2d 1047; Levy v. Woods, 84 U.S.App.D.C. 138, 171 F.2d 145.

The case was tried on the Plea to the Jurisdiction. The order sustaining the Plea recites that the court considered the Plea to the Jurisdiction of the defendants, and plaintiff's Motion for Summary Judgment, and that the court reserved its ruling on the

Plea to the Jurisdiction and proceeded to hear · plaintiff's Motion and the answer thereof, and at the conclusion of the hearing the court made findings that the plaintiffs were serving a probationary period at the time of their discharge and fell within the provisions of Section 12.

The court further found that the power to discharge during the six months period is vested in the Chief of Police and that the discharge was made by the Chief of Police, and in so doing complied with Section 12, and such power was exclusively in his hands; that the court could not go behind the Chief of Police's reasons for doing so and for that reason the court was not going to pass on the Motion for Summary Judgment.

The court then sustained the Plea to the Jurisdiction including sworn affidavits of all parties.

There were introduced over objection of appellees certain depositions and affidavits of both appellants and appellees and were heard by the court who then determined that it had no jurisdiction.

Since the appellants are probationary employees within the Police Department, such is a privilege and not a right, and they may be discharged by the Chief of Police acting in his official capacity in accordance with Section 12.

The judgment of the trial court is affirmed.

Affirmed.