**Pearl A. MASON, Appellant,**

**v.**

**CITY OF SAN ANTONIO, Texas, a Municipal Corporation, et al., Appellees.**

**No. 13458.**

Court of Civil Appeals of Texas.

San Antonio.

May 6, 1959.

Joe Burkett, Leonard Brown, San Antonio, for appellant.

Carlos Cadena, Charles L. Smith, San Antonio, for appellees.

POPE, Justice.

Pearl A. Mason was an assistant tax attorney for the City of San Antonio. By reason of her absence for two days during September, 1954, the city in reliance upon its civil service rules, treated the absence as a resignation which the city accepted. She appealed to the Civil Service Commission which, after a hearing, affirmed the prior action. She then appealed to the district court and asked that the order of the Civil Service Commission be set aside and that she be reinstated. The city filed a motion for summary judgment, and after the hearing the court held that it did not have jurisdiction of the suit and dismissed it. The single point in the case is whether the district court has jurisdiction to review the decision of an administrative officer to discharge an employee, in the absence of statutory provision for such a review and when the employee claims no violation of constitutional rights.

The Civil Service Commission of the City of San Antonio has adopted Personnel

Rules which were attached to the motion for summary judgment. Among their provisions is one which provides that an unauthorized absence from work for a period of two working days will be considered by the department head and the Civil Service Commission as a resignation. Another section provides that an unauthorized absence from work for a period of two working days will be considered by the department head and the Civil Service Commission as a resignation. The employee, by her affidavits on the summary judgment hearing, insisted that she had permission to be absent, and that her absence was not unauthorized. City argued that the district court may not hear the appeal at all.

We find no express authority anywhere for an appeal to a district court from the order in suit. Before Vernon's Annotated Civil Statutes, Article 1269m was amended in 1951 there was no statutory right of appeal in cases of demotion of a police officer, and the Supreme Court held that there was no inherent right to appeal to a district court. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788. What the Supreme Court said, in our opinion, is controlling in like situations where there is no statutory appeal. The Court held, after stating the applicable general rules, that courts should recognize an inherent right of appeal from an administrative body created by an act silent on the question of appeal only where the administrative action complained of violates a constitutional provision. This rule has since been followed in Sfair v. City of San Antonio, Tex.Civ.App., 274 S.W.2d 581. City of Houston v. Peyton, Tex.Civ.App., 316 S.W.2d 152, seems to veer from this rule, but it is not clear whether the Humane Officer, who was there suspended, was a member of the Police Department. If he was, he would be entitled to an appeal under the express terms of Section 18, Article 1269m. The Court there stated that Article 1269m affirmatively provides for an appeal. It should be observed, however, that such appeal is granted only to a fireman or policeman, which terms are defined in Section 2 as including members of those departments. The right to appeal is not granted generally, and if City of Houston v. Peyton so holds, we think it conflicts with City of Amarillo v. Hancock, supra.

The judgment is affirmed.