CITY OF SAN ANTONIO, Texas,
Appellant,

v.

William L. CONDIE, Appellee.

No. 13519.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 23, 1959.

Rehearing Denied Oct. 21, 1959.

Second Rehearing Denied Dec. 16, 1959.

Carlos C. Cadena, City Atty., Charles L. Smith, Asst. City Atty., San Antonio, for appellant.

W. T. Comiskey, San Antonio, for appellee.

POPE, Justice.

William L. Condie sued City of San Antonio for damages for a breach of a contract to employ him as manager of the City Tax Office. The court instructed the jury to return a verdict for him for $530, which was one month's salary. City asserts that the trial court erred (1) in holding that it had jurisdiction to review the City's decision to discharge the employee, (2) in excluding a copy of the City Personnel Rules which apply to all classified Civil Service Personnel, and (3) in holding that there was a breach of contract to employ Condie for one month.

Condie applied for a position with the City. City then investigated him and on

January 9, 1957, sent him a telegram at Redondo Beach, California, stating: "We are pleased to offer you employment as office manager of the Tax Office at a beginning salary of $530 a month. * * * Please wire us collect your acceptance of this position and inform us as to the date that we may expect you to begin work. * * * " Condie promptly wired his acceptance. He stated he would report for work on February 1, 1957. He resigned his employment with Northrop Aircraft and prepared to move to San Antonio.

Condie's appointment was announced in the San Antonio press sometime about the middle of January. The press announcement provoked an anonymous letter about his employment and City began a new investigation. On January 22, the Director of the Personnel Department called Condie in California and informed him that the City had revoked the employment contract. Condie came to San Antonio and was ready, willing and able to commence work on February 1.

■ City's point that the court had no jurisdiction to review the City's action is grounded upon cases and rules which concern a City's power to demote, suspend or discharge employees. City of Amarillo v. Hancock, 150 Tex. 231, 239 S.W.2d 788; Sfair v. City of San Antonio, Tex.Civ.App., 274 S.W.2d 581; Mason v. City of San Antonio, Tex.Civ.App., 324 S.W.2d 90; Fuller v. Mitchell, Tex.Civ.App., 269 S.W. 2d 517; Simpson v. City of Houston, Tex. Civ.App., 260 S.W.2d 94. These rules miss the mark. Condie alleged an offer and an acceptance of employment. Instead of being an action to review the City's decision, to set it aside and to reinstate the employee, this is an action upon a contract which Condie says City breached.

City's point that the trial court erred in excluding the Personnel Rules is feebly supported by the record, and Condie argues that they were never offered in evidence. We have examined the whole statement of facts and fail to find a tender of or an order excluding the rules. After the evidence was concluded, City stated a bill of exception into the record which recites that the court overruled its plea in abatement and certain exceptions, and also that the Rules were offered in evidence and excluded by the court. The record otherwise fails to show that the plea or exceptions were urged, or that the evidence was offered. In that condition of the record, we have the recitations by counsel of rulings by the court, but those recitations are not approved by the court and the record does not otherwise bear them out. Rule 372(f), Texas Rules of Civil Procedure.

■ If, however, the Personnel Rules were properly tendered in evidence and excluded, still the record fails to show what objections were urged against them. Absent a showing to the contrary, the presumption is that the court excluded the Rules because of valid legal objections.

■ The offer of employment and its acceptance made a contract, but the question arises concerning its duration. The offer and acceptance were upon the basis of a stated salary per month. This was therefore a contract for one month. Young v. Lewis, 9 Tex. 73; Dallas Hotel Co. v. Lackey, Tex.Civ.App., 203 S.W.2d 557; Dallas Hotel Co. v. McCue, Tex.Civ.App., 25 S.W.2d 902, 905; 29 Tex.Jur., Master and Servant, § 7; 56 C.J.S. Master and Servant § 8. An employment contract which the employer breached at the beginning of the contract period of one month is discussed in Stolz v. Wells, Tex.Civ.App., 43 S.W.2d 163. The court held that the breach would entitle the employee to recover for one month's pay, which is what the trial court allowed in this case.

The judgment is affirmed.

### On Motion for Rehearing.

Our opinion overruling appellant's first motion for rehearing is withdrawn. City's second motion for rehearing insists that we should judicially know the terms of the

City Charter, wherein it provides: "Any person in the classified civil service who has not completed the probationary period or who is serving under provisional or temporary appointment may be suspended, reduced in pay or class, or removed at any time by the City Manager or other officer having power to appoint. Notice of such action shall be given to the Personnel Director."

After judicially knowing that provision of the Charter, there is still no proof that it applies to Condie. There was no proof that the office manager of the Tax Office is a person in the classified civil service to whom the charter provision would apply. We are not required to judicially know the Personnel Rules, and, as discussed in the opinion, the record does not show that the trial court excluded them, and, if it did, upon what objections. City does not bring Condie within the terms of the Charter provision relied upon.

The motion for rehearing is overruled.