**Ricardo GARCIA, Appellant,**

v.

**Victor L. GARCIA, Appellee.**

**No. 4–87–00651–CV.**

Court of Appeals of Texas, San Antonio.

May 18, 1988.

Rehearing Denied June 14, 1988.

due process. The trial court granted appellee's motion for summary judgment. We affirm.

The issues before us are:

1) whether the trial court erred in granting the motion for summary judgment because a genuine issue of material fact exists; and

2) whether the trial court erred in granting the motion for summary judgment because the motion was not supported by sufficient summary judgment evidence.

Appellant was hired by the Laredo Police Department as a police cadet on February 23, 1986. He was to serve a probationary period of one year. Appellee, the Chief of Police for the Laredo Police Department, terminated appellant on April 22, 1986. Appellant was not given written notice of the cause for his termination or afforded a hearing before the Laredo Civil Service Commission.

In his first point of error, appellant contends the trial court erred in granting appellee's motion for summary judgment because a genuine issue of material fact exists.

In reviewing the granting of a summary judgment we must accept as true the non-movant's version of the evidence and make every reasonable inference in the non-movant's favor. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). To sustain the summary judgment the movant must establish as a matter of law that no genuine issue of material fact exists. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

*Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex.1985).

Under Texas law, once a police officer completes his probationary period, he can only be terminated for cause after a hearing before the Civil Service Commission. *Sfair v. City of San Antonio*, 274 S.W.2d 581 (Tex.Civ.App.—Austin 1955, writ ref'd n.r.e.); TEX.REV.CIV.STAT. ANN. art. 1269m.[1] There is no require-

Hector Leal, Jr., Leal & Bratt, Laredo, for appellant.

George G. Brin, Brin & Brin, San Antonio, Frank E. Weathered, Brin & Brin, Corpus Christi, for appellee.

Before BUTTS, CANTU and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a summary judgment. Appellant, Ricardo Garcia, filed suit against appellee, Victor Garcia, for wrongful termination and violation of procedural

1. Article 1269m was repealed September 1, 1987, and its provisions are now codified in the Texas Local Government Code.

ment, however, that a probationary police officer be given written notice, a hearing, or the right to an appeal. *Sfair v. City of San Antonio*, 274 S.W.2d at 583; Article 1269m. The Chief of Police alone has the authority to remove probationary police officers, who serve at the absolute discretion of their Chief. *Wells v. City of Houston*, 613 F.Supp. 479, 481 (S.D.Tex.1985), *aff'd*, 788 F.2d 1563 (5th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 218, 93 L.Ed.2d 147 (1986). Appellant, however, contends the summary judgment is nevertheless improper because a fact issue exists as to whether appellee's absolute discretion under Texas law has been circumvented in this case.

Appellant initially relies upon Section 5 of Article 1269m, which authorizes the local Civil Service Commission to promulgate local rules and regulations concerning the proper conduct of its business. Pursuant to Section 5, the Laredo Civil Service Commission promulgated rules which appellant contends grant due process rights to probationary police officers. The local rules pertaining to probationary employees provide as follows:

### RULE VIII. PROBATION

SECTION 1. *Probationary Period.* All original appointments shall be for a probationary period of one (1) year of actual service and no appointment shall be deemed finally made until the appointee has satisfactorily served his probationary period, provided that this provision sahll [sic] not apply to reinstatements made under the provisions of these rules.

SECTION 2. *Cause for Dismissal.* During such probationary period, it shall be the duty of the department head to discharge all employees whose appointments were not regular, or not made in compliance with the provisions of the Civil Service Law or of these rules, or is found incompetent or unqualified to perform the duties of the position to which he was appointed and hence is employed in violation of the Civil Service Law; and the Department Head shall eliminate any such employees from the payroll.

■ These rules do not grant any due process rights to probationary police officers. Section 1 merely makes a distinction between probationary and non-probationary employees by requiring a one year probationary period. Section 2 also does not grant any due process rights to probationary police officers. The section merely places a duty upon the department head to discharge certain employees who were employed in violation of the law. The section does not limit the authority of the Police Chief to discharge probationary police officers without written notice, a hearing, or an appeal. Further, Rule IX, entitled "APPEALS," and Rule X, entitled "HEARINGS ON APPEALS," do not affect probationary employees, as appellant contends, since these rules do not include probationary employees in their application. We therefore hold that the local rules do not present a fact issue with respect to appellee's absolute discretion under Texas law.

Appellant then argues that language contained in a document entitled "APPRENTICESHIP AGREEMENT" presents a fact issue with respect to appellee's absolute discretion under Texas law.

■ The agreement states the basic terms of appellant's employment, providing a probationary period of one year as well. However, the agreement makes no reference to appellant's right to written notice, a hearing, or an appeal. Appellant relies upon the following language of the agreement:

This AGREEMENT may be terminated by either of the parties, citing cause(s), with notification to the registration agency, in compliance with Title 29, CFR, Part 29.6.

This provision, however, does not entitle appellant to a *written* notice, a hearing, or an appeal. Further, the summary judgment evidence shows that the cause of appellant's termination was cited since appellant was in fact made aware of it. The point is overruled.

In his second point of error, appellant contends the trial court erred in granting

appellee's motion for summary judgment because the motion was not supported by sufficient summary judgment evidence.

 In addition to the local rules and the agreement, the summary judgment evidence before the trial court consisted of the letter of termination, appellant's deposition, and appellant's affidavit. The summary judgment evidence established that appellant was hired as a police cadet on February 23, 1986; that appellant was to serve a probationary period of one year; that appellant was terminated during his probationary period on April 22, 1986;[2] and that appellant was terminated by appellee. This evidence is sufficient to support appellee's motion for summary judgment. The point is overruled.

The judgment of the trial court is affirmed.

---

**2.** Although there is a typographical error in appellant's affidavit concerning this date, the letter of termination is dated April 22, 1986. Further, appellant has never denied, either before the trial court or on appeal, that he was discharged during his probationary period.