Gina Marie MONTEMAYOR, Appellant,

v.

CITY OF SAN ANTONIO FIRE DEPART-
MENT; Fire Chief Robert Ojeda, Alex-
ander E. Briseno, City Manager for City
of San Antonio, Texas; and City of San
Antonio, Texas, Appellees.

No. 04–98–00218–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 23, 1998.

Jack Paul Leon, John F. Carroll, Leon,
Amberson & Carroll, L.L.P., San Antonio,
for Appellant.

Lowell F. Denton, Susan C. Rocha, Regina
Bacon Criswell, Denton, McKamie & Navar-
ro, P.C., San Antonio, for Appellees.

Before ALMA L. LÓPEZ, Justice, PAUL
W. GREEN, Justice and SARAH B.
DUNCAN, Justice.

## OPINION

PAUL W. GREEN, Justice.

This appeal questions whether a fire chief
has absolute discretion to terminate a proba-
tionary fire fighter. We affirm the trial
court's judgment, which holds the fire chief

has discretion to discharge probationary fire fighters.

## Background

Gina Marie Montemayor passed the fire academy test with a high score. She was also interviewed by a board of three high-ranking fire fighters. When Montemayor learned she had failed the interview, she complained to the district fire chief that she was asked inappropriate questions about sex and religion. In response, the fire department gave Montemayor a second interview, which she passed. The fire chief, however, did not select Montemayor for the academy. Instead, he chose candidates with lower test scores.

Montemayor then sued the City of San Antonio, City Manager Alexander Briseño, the San Antonio Fire Department, and Fire Chief Robert Ojeda (collectively, the City) for injunctive relief and for a declaration that the City violated section 143.026 of the Local Government Code. This statutory provision required the city manager to fill opening fire fighter positions with the applicants having the highest test scores. Montemayor alleged she was passed over in retaliation for her complaints about the review board.

The trial court found the City violated section 143.026 and issued a temporary injunction that permitted Montemayor to enter the academy and that enjoined the City from taking any action to prevent her from completing her studies. Montemayor entered the academy, became an employee of the fire department, and completed the course. The fire department, however, alleged her performance was substandard and refused to place her in a fire station with the other academy graduates.

The City filed a motion for summary judgment arguing the fire chief had sole discretion to fire probationary fire fighters. The City also argued that any claim based on retaliation or discrimination was not ripe because Montemayor had not received a right to sue letter from the Equal Employment Opportunity Commission. Finally, the City alleged the temporary injunction was void because Montemayor had failed to post a bond. Montemayor responded to these arguments and also alleged the fire chief's action was barred by res judicata because he previously reprimanded her. The trial court granted the summary judgment "upholding the exclusive authority of the Fire Chief to terminate the probationary employment of the Plaintiff."

## Standard and Scope of Review

We review a summary judgment de novo. To prevail on summary judgment, the movant must show there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Property Management, Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant is taken as true. *Nixon,* 690 S.W.2d at 548–49. Every reasonable inference is indulged in favor of the nonmovant and any doubts resolved in the nonmovant's favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

As the summary judgment indicates, the narrow issue in this appeal is whether the fire chief had discretion to terminate Montemayor's employment. We need not address whether the temporary injunction was void, whether Montemayor's retaliation claims were ripe, or whether Montemayor raised fact issues about her performance in the academy.[1] *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993) (limiting review of a specific summary judgment). Additionally, we need not address Montemayor's complaints raised for the first time at oral argument—whether the judgment was supported by the pleadings or whether the city manager, rather than the fire chief, should terminate probationary fire fighters. *See* TEX.R.APP. P. 38.1(h) (requiring briefs to contain argument); *Tindle v. Jackson Nat'l Life Ins. Co.,* 837 S.W.2d 795, 801 (Tex. App.—Dallas 1992, no pet.) (requiring brief-

---

1. Any fact issues about retaliation or discrimination are not material to the legal issue central to this appeal: whether the fire chief has discretion to terminate Montemayor's employment.

ing in addition to a *Malooly* point[2]); *see also San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 210 (Tex.1990) (prohibiting reversal in the absence of properly assigned error).

### The Fire Chief's Discretion

Montemayor asserts the fire chief's discretion to terminate probationary fire fighters is limited to good cause, while the City contends the fire chief's discretion is absolute. We agree with the City.

The Local Government Code characterizes a fire fighter, police officer, or academy trainee as a one-year probationary employee. TEX. LOCAL GOV'T CODE ANN. § 143.027(a) (Vernon 1988). During the probationary period, "the department head shall discharge the [probationary] person and remove the person from the payroll if the person's appointment was not regular or was not made in accordance with this chapter or the commission rules." *Id.* § 143.027(b). Once the probationary employee completes the probationary period, the employee "becomes a full-fledged civil service employee and has full civil service protection." *Id.* § 143.027(d).

■ Until the probationary fire fighter completes the probationary period, the fire fighter serves at the discretion of the fire chief. *Wells v. City of Houston,* 613 F.Supp. 479, 481 (S.D.Tex.1985), *aff'd without opinion,* 788 F.2d 1563 (5th Cir.1986); *see also Sfair v. City of San Antonio,* 274 S.W.2d 581, 583 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.) (holding that chief's decision to discharge probationary employee is final and not appealable). The statute's directive regarding discharge of employees with "irregular" appointments does not limit the authority of the fire chief to discharge probationary fire fighters. *See Garcia v. Garcia,* 751 S.W.2d 274, 276 (Tex.App.—San Antonio 1988, no writ) (interpreting similar language from the local rules of the Laredo Civil Service Commission).[3] Thus, in this case, the

fire chief has discretion to either retain or terminate Montemayor.

■ Montemayor contends the local collective bargaining contract modifies the terms of the statute. The agreement specifically provides:

*Persons enrolled in the initial Fire Academy* shall hold the position of Fire Fighter Trainee. As such, he shall be considered a civilian employee and is not a member of the bargaining unit covered by this Agreement *nor shall he be subject to any terms* of this Agreement or *of Chapter 143 Local Government Code.*

(Emphasis added). This provision does not apply to Montemayor because she is no longer enrolled in the fire academy. Even if it did apply, it offers Montemayor no protection beyond that of an at-will employee.

■ According to Montemayor, the fire chief's decision to terminate her was based on the same conduct that was the basis of a letter of reprimand. Montemayor argues that res judicata should apply to limit the fire chief's ability to terminate her. She cites no authority, nor have we found any, that would permit res judicata to apply outside the context of judgments. We therefore hold res judicata does not apply in this case.

### Justiciable Issue

■ By suggesting we lack authority to address Montemayor's claims, the dissent misconstrues the nature of declaratory judgments. Suits for declaratory judgment are preventative in nature and are intended to determine the rights of parties when a controversy has arisen, before any wrong has actually been committed. *Cobb v. Harrington,* 144 Tex. 360, 366, 190 S.W.2d 709, 713 (1945); *Harkins v. Crews,* 907 S.W.2d 51, 56 (Tex.App.—San Antonio 1995, writ denied). They are designed "to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and

**2.** *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970) (recommending a general point of error stating "the trial court erred in granting summary judgment").

**3.** Montemayor cites *Smith v. City of Houston,* 552 S.W.2d 945, 946 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ), as authority for her argument that the fire chief requires sufficient cause to terminate probationary employees. *Smith* is limited to Houston's Civil Service Code and does not apply to police officers or fire fighters. *See Wells,* 613 F.Supp. at 481.

[are] to be liberally construed and administered." TEX. CIV. PRAC. & REM.CODE ANN. § 37.002(b) (Vernon 1986).

Although Montemayor had not been fired at the time judgment was rendered, she faced a real controversy because the City refused to assign her to a fire station. In turn, the City also faced a real controversy because, if it continued to deny Montemayor an assignment during her probationary period, she would eventually become a "full-fledged civil service employee," without the benefit of on-the-job training. Because Montemayor faced an uncertain future, she properly sought declaratory relief. *See Krier v. Navarro*, 952 S.W.2d 25, 28 (Tex.App.— San Antonio 1997, writ denied) (finding threat to be a justiciable controversy). Accordingly, we have authority to address her claims.

### Conclusion

The fire chief had absolute discretion to terminate a probationary fire fighter like Montemayor. Therefore, the trial court did not err in granting the City summary judgment. Accordingly, we affirm the trial court's judgment.

LÓPEZ, Justice, dissenting.

Because I do not believe the appeal presents a justiciable issue, I respectfully dissent.

Subject matter jurisdiction is a question of law which may be raised by any party or by the court itself at any time in the proceedings. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). To invoke a court's subject matter jurisdiction, a party must have standing to bring the claim, a live controversy must exist between the parties, and the case must be justiciable. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–46 (Tex.1993). Justiciability requires a real dispute involving an immediate, concrete outcome. A hypothetical dispute concerning the parties' respective rights and duties does not trigger jurisdiction. *See Bexar–Medina–Atascosa Water Control & Improvement Dist. No. 1 v. Medina Lake Protection Ass'n*, 640 S.W.2d 778, 779 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). A decision which resolves an abstract question of law, without more, is merely an advisory opinion prohibited by Texas law. *See State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex.1994).

The trial court's summary judgment "orders" that the fire chief has "exclusive authority ... to terminate [appellant's] probationary employment." There is, however, no evidence in the record to document that anyone has terminated appellant's employment or that either party has suffered an injury. City counsel conceded at the summary judgment hearing that Ms. Montemayor *would be* terminated *if* the trial court granted the City's motion for summary judgment.

District courts do not have the authority, even in a declaratory judgment action, to give advice or decide cases based upon speculative, hypothetical, or contingent events. *See Firemen's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331, 333 (Tex.1968). Under the circumstances, the City's motion for summary judgment is premature and merely seeks an advisory opinion—an exercise neither the trial court nor this court is entitled to perform. *See Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex.1980) (holding constitutionality of proposed charter amendment not justiciable before election on amendment occurred); *Nuchia v. Woodruff*, 956 S.W.2d 612, 615 (Tex. App.—Houston [14th Dist.] 1997, pet. denied) (holding city's claim that hearing examiner exceeded authority not justiciable until examiner took action). For this reason, the majority should not address the merits of the fire chief's authority to terminate probationary firefighters at this time. I would reverse the summary judgment and remand the cause for further proceedings.