In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00294-CV
_____

BILLY FRATUS, Appellant

V.

THE CITY OF BEAUMONT, Appellee

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-200450

**MEMORANDUM OPINION**

Appellant Billy Fratus appeals the trial court's order granting Appellee City of Beaumont's plea to the jurisdiction and dismissing Fratus's claims with prejudice. We affirm.

<u>Background</u>

The lawsuit began in July 2017 when Fratus filed his original petition against the City of Beaumont ("City") seeking damages, declaratory relief, and injunctive

relief under the Texas Constitution and Chapter 21 of the Texas Labor Code. Fratus's original petition and his first amended petition alleged he was a Grade 4 District Fire Chief with the City of Beaumont and asserted the following claims:

[] There are two claims being presented by [Fratus],
[] for which he seeks three forms of relief, to[-]wit: declaratory; equitable/injunctive; and legal or make-whole restoration of damage-done and attorney's fees.
[] The first claim arises out of the City's violation of the Texas Constitution, for which [Fratus] seeks declaratory relief and attorney's fees, and injunctive relief.
[] The second claim arises out of [the] City's violation of the Texas Labor Code, Chapter 21, for which [Fratus] seeks make-whole restoration of damage-done pursuant to and in the amount stated in TRCP 47(c)(4).

The petition alleged that Fratus was excluded from certain management meetings; that Beaumont Fire Chief Huff did not like that Fratus was the only Hispanic among all the fire chiefs; that Chief Huff had a "dismissive attitude" toward Fratus and excluded him from certain discretionary "perks"; that Chief Huff tried to fire Fratus; that Chief Huff was angry when Fratus was promoted; that Chief Huff "falsely accused [Fratus] of insurance fraud" over equipment that was donated to the department; that Chief Huff fired him while he was on disability; and that the City sent Fratus to a chiropractor chosen by the City during his disability and thereby "interfered with [Fratus's] relationship with his physician[.]" Fratus also alleged that the City retaliated against him for speaking out against what he believed was Chief

2

Huff's sexual harassment of another employee, and for disagreeing with Chief Huff's firing of one employee and her support of another former employee. Fratus's petition alleged that he appealed his termination and also filed a charge of discrimination and received a "right-to-sue" letter from the Texas Workforce Commission. When Fratus filed his petition, he was employed with the Beaumont Fire Department. Fratus also alleged that the City violated the Texas Open Meetings Act (TOMA) and as a result, the Collective Bargaining Agreement is invalid. Fratus's petition seeks:

> Declaratory and injunctive relief and appropriate legal fees and costs of court for the Constitutional violations; a judgment awarding [Fratus] actual damages against the City; a mandatory temporary and permanent injunction proscribing the City and Huff from violating [Fratus's] Constitutional rights; and any other relief whether at law or in equity to which Plaintiff may show himself entitled.

The City filed a plea to the jurisdiction claiming governmental immunity and seeking dismissal of Fratus's claims. The City's plea included the following arguments: Fratus may not bring a claim for declaratory relief based on harm that has already occurred; Fratus has not made a prima facie claim for retaliation for protected speech because his speech was not protected and he has not pleaded he suffered an adverse employment action as a result of his speech; Fratus's claim of racial discrimination fails because he has not shown he was treated differently from other persons similarly situated; and Fratus brought no ultra vires claims.

3

Fratus filed a response to the City's plea and argued that he had sufficiently alleged that he had experienced discriminatory employment practices and that he was terminated. He argued that his protected-speech claim related to speech about racial discrimination and harassment, which he argued "is related to a public concern[]" and that the speech was made "as a citizen and not as an employee."

The trial court held a hearing on the plea. The trial court issued an order granting the City's plea to the jurisdiction and dismissing Fratus's claims with prejudice, and Fratus appealed.

## Issues

In three appellate issues, Fratus argues that the trial court erred in granting the City's plea to the jurisdiction on (1) Fratus's claim for declaratory and equitable relief from the City's retaliation against Fratus because of Fratus's exercise of protected speech under article I, section 8 of the Texas Constitution, (2) Fratus's claim that he was subjected to discriminatory employment actions by the City because he is Hispanic or in retaliation for Fratus's having opposed Chief Huff's declaration of intent to sexually harass another employee, and (3) Fratus's claim that the 2015-2019 Collective Bargaining Agreement is void under Chapter 552 of the Texas Government Code for the City's failure to post the negotiations of the labor contract in accordance with the law.

4

Governmental units, including municipalities, are immune from suit unless the State consents. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Suarez v. City of Tex. City*, 465 S.W.3d 623, 631 (Tex. 2015); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)). Immunity from suit may be asserted by a plea to the jurisdiction or motion for summary judgment. *Clark*, 544 S.W.3d at 770. The plea may challenge the pleadings, the existence of jurisdictional facts, or both. *Id.* In our de novo review of the trial court's ruling, we take as true all evidence favorable to the nonmovant, indulging in every reasonable inference and resolving all doubt that favors the nonmovant. *See Miranda*, 133 S.W.3d at 228 (explaining the standard as it applies to a plea to the jurisdiction); *see also Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005) (explaining the standard as it applies to a traditional motion for summary judgment). While municipalities may not generally assert governmental immunity to avoid claims for violating an individual's constitutional rights, plaintiffs asserting a constitutional claim must plead a facially valid claim to overcome a plea to the jurisdiction. *See Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366,

372 (Tex. 2009)); *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011); *see also Garcia*, 372 S.W.3d at 635-36 ("In a suit against a governmental employer, the prima facie case implicates both the merits of the claim *and* the court's jurisdiction because of the doctrine of sovereign immunity.").

State Constitutional Free Speech Claim

In Fratus's first issue, he argues that the trial court erred in granting the City's plea to the jurisdiction on his claim for declaratory and equitable relief from the City's retaliation for Fratus's exercise of protected speech under article I, section 8 of the Texas Constitution.[1] *See* Tex. Const. art. I, § 8 (freedom of speech).

Declaratory Relief

In its plea to the jurisdiction, the City argued that declaratory relief is preventive and should be sought before a wrong has occurred, citing *Montemayor v. City of San Antonio Fire Dep't*, 985 S.W.2d 549, 551 (Tex. App.—San Antonio 1998, pet. denied). According to the City, Fratus's claim for declaratory judgment is

---

[1] Fratus's original petition, and as amended, referenced article I, section 19 of the Texas Constitution. *See* Tex. Const. art. I, § 19 ("Deprivation of Life, Liberty, Property, etc. by Due Course of Law"). Fratus's response to the City's plea to the jurisdiction only addresses his constitutional claim under section 8, and his appellate brief does not address any claims under section 19. Therefore, even if Fratus's petition intended to state a claim under article I, section 19 of the Texas constitution, we conclude he has waived error on any such claim. *See* Tex. R. App. P. 38.1(f); *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655-56 (Tex. 2001) (per curiam) (failure to raise issue on appeal waives error).

improper because it is based on alleged harms that have already occurred and for which the City retains immunity from suit. Where, as here, the injury alleged has already occurred, the only plausible remedy is an award of money damages. *See City of Houston v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007) (per curiam). A party may not circumvent the State's sovereign immunity from suit by characterizing a suit for money damages as a claim for declaratory judgment. *Id.* at 828-29 (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002)). Because Fratus's claim for declaratory relief is based on harms that have already occurred, Fratus has not pleaded a claim that overcomes the City's immunity. *Id.*[2]

Equitable Relief

Claims for equitable relief for constitutional violations "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity." *Heinrich*, 284 S.W.3d at 373. If a plaintiff properly sues the appropriate state official for equitable relief, we must examine whether the plaintiff's petition sufficiently pleaded his claims to defeat the government's plea to

---

[2] In Fratus's response to the City's plea, he argues that the harms alleged are not completed and that he continues to be harmed because he is not invited to certain meetings. Assuming without deciding that his allegations are true, the fact that he may not be invited to meetings is not an "ultimate employment decision" and does not constitute an adverse employment action sufficient to state a claim for relief. *See Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 575 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

the jurisdiction. *See Miranda*, 133 S.W.3d at 226. Here, Fratus asserted no claim against a City official at all, and therefore, he has not pleaded claims for equitable relief sufficient to defeat the City's plea to the jurisdiction. *Id.*

Protected Speech

The speech Fratus claims is protected under the Texas constitution is (1) that he "joined the public outcry against Huff when she illegally fired" a firefighter, (2) he "made it quite clear and said that he opposed Huff or any command officer sexually harassing members of the department," and (3) he "publicly opposed Huff's public, on duty support" of a former firefighter in a criminal prosecution. According to the City, Fratus failed to allege how these instances of speech constituted a matter of public concern.

Article I, section 8 mandates "[e]very person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press." Tex. Const. art. I, § 8. Generally, except for prior restraints of speech, the Texas Constitution's free-speech clause does not afford a plaintiff greater rights than the First Amendment to the United States Constitution. *See generally Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003); *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 975 S.W.2d 546, 557-560 (Tex.

8

1998); *Jones v. Port Arthur Indep. Sch. Dist.*, No. 09-16-00374-CV, 2018 Tex. App. LEXIS 4817, at *10 (Tex. App.—Beaumont June 28, 2018, no pet.) (mem. op.). To prevail on a retaliation claim based on protected free speech under the Texas constitution, Fratus had the burden to plead that: (1) he suffered an adverse employment decision; (2) his speech involved a matter of public concern; (3) his interest in commenting on matters of public concern outweighed the City's interest in promoting efficiency; and (4) his speech motivated the adverse employment decision. *See Caleb v. Carranza*, 518 S.W.3d 537, 544 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 601 (5th Cir. 2001).

Whether a person's speech involves a matter of public concern is a question of law determined by "the content, form, and context of [the] given statement[s], as revealed by the whole record." *See Connick v. Myers*, 461 U.S. 138, 147-48 & n.7 (1983). When an employee speaks not as a citizen on matters of public concern, but as an employee upon matters of personal interest, generally a court is not the appropriate forum to handle a personnel decision. *Id.* at 147. Speech made privately between a speaker and his employer rather than in the context of public debate is generally not of public concern. *See, e.g.*, *Bradshaw v. Pittsburg Indep. Sch. Dist.*, 207 F.3d 814, 817-18 (5th Cir. 2000) (holding that because plaintiff expressed

9

concerns in internal grievances rather than in a public announcement weighed against finding the speech was public). For constitutional purposes, a person does not engage in constitutionally protected speech when speaking about his employment with other individuals in the organization that employs him. *See Jackson v. Port Arthur Indep. Sch. Dist.*, No. 09-15-00227-CV, 2017 Tex. App. LEXIS 3527, at *13 (Tex. App.—Beaumont Apr. 20, 2017, no pet.) (mem. op.); *see also Connick*, 461 U.S. at 146 (speech on merely private employment matters is unprotected).

Although Fratus alleged he "spoke" and "joined the public outcry," he has not pleaded facts that establish the basis for this allegation nor does he explain how the matters about which he allegedly spoke are matters of public concern. Rather, Fratus's response to the City's plea argued that "Fratus made valid criticism of his supervisor to his coworkers[.]" Nothing in the record shows that Fratus's claims related to any speech made outside of the department. Thus, the speech at issue in Fratus's case would not be constitutionally protected speech. *See Jefferson Cty. v. Jackson*, 557 S.W.3d 659, 676 (Tex. App.—Beaumont 2018, no pet.) (speech was not protected under article I, section 8 where "[n]othing in the record shows that [appellant's] claims related to any speech that she made to anyone outside her department[]"); *Jackson*, 2017 Tex. App. LEXIS 3527, at **12-13 (concluding that

10

speech internal to an organization about duties of employment is not protected speech under article I, section 8).

The City also argued that Fratus did not allege what adverse treatment he received as a result of his speech. At the hearing on the plea, the City argued that although at one point Fratus had been terminated, he was reinstated with full pay. Fratus's attorney responded that whether an adverse employment action had occurred was a factual matter, but he did not challenge the City's position or offer contrary testimony, affidavits, or other evidence.

On this record, we conclude that Fratus has failed to plead a prima facie free speech claim because he failed to meet his burden of showing he engaged in speech primarily as a citizen involving a matter of public concern. *See Thompson v. Starkville*, 901 F.2d 456, 460 (5th Cir. 1990); *Caleb*, 518 S.W.3d at 544. We conclude the trial court did not err in granting the plea to the jurisdiction on Fratus's claims for declaratory and equitable relief based on article I, section 8 of the Texas constitution. We overrule Fratus's first issue.

### TCHRA Claim

Fratus argues that his petition brings a claim for discrimination under the Texas Commission on Human Rights Act (TCHRA) "for race and retaliation." The TCHRA waives sovereign immunity, but only for those suits that meet the prima

facie elements of a claim. *Garcia*, 372 S.W.3d at 636. A prima facie case is the first requirement of a claim under the TCHRA. *Id.* at 636-37; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).

As stated by the Texas Supreme Court in *Clark*, "the TCHRA prohibits retaliation against an employee for engaging in certain protected activities[.]" 544 S.W.3d at 781; *see also* Tex. Lab. Code Ann. § 21.055 (West 2015). "An employee engages in a protected activity by, among other things, filing an internal complaint, opposing a discriminatory practice, or making a charge of discrimination with the EEOC." *Clark*, 544 S.W.3d at 786. Even so, an employee is not protected from discipline, or even termination, following a discrimination complaint. *Id.* at 764. "Rather, a remedy exists only when the evidence establishes that a materially adverse employment action resulted from the employee's protected activities." *Id.* A retaliation claim is related to but distinct from a discrimination claim, and it focuses upon the employer's response to the employee's protected activity, such as the employer's response to the employee's complaint about discrimination. *Id.* at 763-64.

To establish a prima facie case of retaliation under the TCHRA, an employee must show: (1) he engaged in an activity protected by the TCHRA, (2) he experienced a material adverse employment action, and (3) a causal link exists

between the protected activity and the adverse action and that the adverse action would not have occurred "but for" the protected activity. *Id.* at 782. If the employee can establish a prima facie case, a rebuttable presumption of illegal intent arises. *Id.* The employer can defeat this presumption by producing evidence of a legitimate, nondiscriminatory reason for the termination. *Id.* "Once rebutted, the presumption disappears, and an employee lacking direct evidence cannot prove a statutory violation without evidence that the employer's stated reason is false and a pretext for discrimination." *Id.* "[T]he burden of persuasion remains at all times with the employee." *Id.*

Under the TCHRA, an employer commits an unlawful employment practice if it, "fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[]" on basis of race, color, disability, religion, sex, national origin, or age. Tex. Lab. Code Ann. § 21.051(1) (West 2015). The TCHRA addresses only "ultimate employment decisions" and does not address "every decision made by employers that arguably might have some tangential effect upon employment decisions." *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 575 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Tex. A&M Univ. v. Starks*, 500 S.W.3d 560, 575 (Tex. App.—Waco 2016, no pet.) (exclusion from leadership and

13

negative reviews do not rise to the level of adverse employment actions); *Elgaghil v. Tarrant Cty. Junior Coll.*, 45 S.W.3d 133, 142 (Tex. App.—Fort Worth 2000, pet. denied) ("Title VII and [the TCHRA] were designed to address ultimate employment decisions, not every action that occurs in the workplace that makes an employee unhappy."). Generally, adverse employment decisions involve hiring, granting leave, discharging, promoting, and compensating employees. *Winters*, 132 S.W.3d at 575; *Elgaghil*, 45 S.W.3d at 143. Actionable adverse employment actions do not include disciplinary filings, supervisor's reprimands, poor performance reviews, hostility from fellow employees, verbal threats to fire, criticism of the employee's work, or negative employment evaluations. *See Winters*, 132 S.W.3d at 575; *Elgaghil*, 45 S.W.3d at 143; *see also Navy v. Coll. of the Mainland*, 407 S.W.3d 893, 899 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Here, Fratus alleged the following: that he was excluded from "Management Team" meetings based on his race; Chief Huff had a "dismissive attitude" toward Fratus and excluded Fratus from discretionary "perks"; he was "frozen out" by the other Chiefs; Chief Huff accused Fratus of insurance fraud over a donation of equipment to the department; Chief Huff fired Fratus while he was on work-related disability leave; while on disability leave, the City required Fratus to see a chiropractor selected by the City; and the City required Fratus to use some of his

14

earned vacation time during his disability leave). In his response to the City's plea, Fratus argued as follows:

> Plaintiff alleges several instances where Beaumont Fire Chief [] Huff [] showed antipathy towards Fratus due to his ethnicity. Huff excluded Fratus from meetings, while including similarly situated non-Hispanic employees. [] The City's Assistant Legal Counsel intimated that Fratus was feigning his ethnicity. [] Huff told her Caucasian subordinates that she was not pleased that [Fratus] had been promoted.

Fratus also pleaded he "is currently a Grade 4 District Chief" with the Beaumont Fire Department.

The City argued to the trial court, and argues on appeal, that Fratus has identified no adverse treatment, has alleged no negative or adverse treatment as a result of his speech, and has not shown that he was treated differently from other District Chiefs. At the hearing on the plea, the City argued that Fratus appealed his termination under the Collective Bargaining Agreement, that ultimately he was not terminated but was reinstated without any loss of pay, and that he was then working as a district chief with the fire department. The City also stated that the meetings from which Fratus alleged he was excluded were discontinued for budget reasons.

Even assuming without deciding that Fratus engaged in a protected activity, on this record, we cannot say that Fratus has pleaded an adverse employment action that would support a TCHRA claim against the City. *See Clark*, 544 S.W.3d at 782. Although the record shows that Fratus was terminated, he appealed that termination

15

under the Collective Bargaining Agreement, and Fratus does not dispute that he was reinstated. Fratus's other complaints do not rise to the level of material adversity necessary to show an adverse employment action under the TCHRA. *See id.* at 788; *Winters*, 132 S.W.3d at 575. Because Fratus failed to plead a prima facie claim under the TCHRA, the trial court did not err in granting the City's plea to the jurisdiction. *See Garcia*, 372 S.W.3d at 635-36. We overrule Fratus's second issue.

Texas Open Meetings Act

Although Fratus's original petition stated he was making "two claims" against the City—one under the Texas Constitution, and one under Chapter 21 of the Texas Labor Code—Fratus's appellate brief states that he also has an issue under the Texas Open Meetings Act. According to Fratus, "un-noticed" collective bargaining agreements and arbitration hearings conducted on personnel matters are void or voidable.

Fratus's third appellate issue on the alleged violation of TOMA does not meet briefing requirements because it lacks citations to the record or to applicable authority and therefore presents nothing for our review. *See* Tex. R. App. P. 38.1 (i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by inadequate briefing[ ]"). Neither do we read Fratus's original or amended petitions to assert a claim under TOMA. *See Tarrant Reg'l*

16

*Water Dist. v. Bennett*, 453 S.W.3d 51, 56-59 (Tex. App.—Fort Worth 2014, pet. denied) (to assert a viable claim under TOMA, a party must allege that a quorum of a governmental body acted in violation of the Act). Without a pleading to support his claim, the State's immunity from suit has not been waived. *Cf. Garcia*, 372 S.W.3d at 636 (discussing governmental immunity under the TCHRA). We overrule Fratus's third issue.

Fratus amended his petition after the City filed its plea to the jurisdiction, and at the hearing on the plea, Fratus argued that the City's arguments, especially any dispute about the existence of an adverse employment action, were factual matters for further discovery and summary judgment. That said, even after reviewing the amended petition, we conclude that the pleadings fail to allege a prima facie claim and therefore the trial court did not err in dismissing the case with prejudice. *See* Tex. R. App. P. 43.2(c); *Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) (indicating that if the record shows the plaintiff re-pleads after the governmental entity files its plea but the plaintiff's pleadings still do not allege sufficient facts to establish that the court has subject-matter jurisdiction over the dispute, "then the trial court should dismiss the plaintiff's action . . . with prejudice"). Having overruled all Fratus's issues, we affirm the trial court's ruling.

AFFIRMED.

                                        _____
                                        LEANNE JOHNSON
                                               Justice

Submitted on June 24, 2019
Opinion Delivered October 10, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.