### EMERY et al. v. EMERY.

#### No. 11766.

Court of Civil Appeals of Texas. Dallas.
March 3, 1934.

Rehearing Denied April 7, 1934.

Geo. K. Holland and Spafford & Spafford, all of Dallas, for appellants.

A. O. Scurlock, M. M. Crane, Jr., and Morris Chertkov, all of Dallas, for appellee.

LOONEY, Justice.

Edgar Emery sued Eva K. Emery, individually and in her capacity as guardian of the estate of her husband, Cid Emery (of unsound mind), to enforce a parol contract of sale, alleged to have been entered into between the parties, under which plaintiff purchased real estate located in the city of Dallas, also for the cancellation of a certain written contract between the parties, whereby defendants, on the terms and conditions recited, agreed to sell and convey to plaintiff the same parcel of real estate.

On application of defendants, the court appointed H. H. Jacoby, Sr., receiver, who qualified, took possession of the real estate, that is, constructive possession, plaintiff being in actual possession entered into a rental contract with the receiver, effective for the duration of the litigation on an agreement to pay semimonthly rentals. The appointing order was not appealed from. The trial of the case resulted in a jury verdict altogether favorable to plaintiff, upon which the court adjudged that he recover of and from defendant Eva K. Emery, individually and as guardian aforesaid, the real estate involved, directed the receiver to restore possession of the property to plaintiff, and discharged him from the trust. This judgment was appealed and superseded by defendants.

In this status, defendants and the receiver filed an original application, alleging, in substance, that plaintiff refused either to pay the semimonthly rentals agreed upon; or to surrender possession of the property; these allegations constitute the gravamen of the complaint. The prayer for relief is rather indefinite; the most specific being that plaintiff be enjoined from hindering, interfering with, or molesting the receiver in the performance of the duties of his office.

Answering the application, plaintiff contends that the authority of the receiver terminated on his discharge, and that the judgment in that respect was not, and in law could not have been, superseded. Plaintiff also discloses that he has been sued by the receiver, in a forcible detainer action in a justice court of Dallas county, for possession of the premises, and that said suit is now pending on appeal in a county court of said county.

The question presented is this: Was the judgment, including the order discharging the receiver, superseded? We think so. A receivership is not authorized as an end within itself, but simply as auxiliary to the ultimate relief sought, and, being a mere incident, must stand or fall with the main suit. The statute gives the right of appeal from every final judgment (Vernon's Ann. Civ. St. art. 2249), and provides for its suspension in the meantime, not in part but in its entirety. We must assume that the amount of the supersedeas bond fixed by the trial judge is sufficient to protect plaintiff from every damaging consequence of the appeal and suspension of judgment. In disposing of McConnell v. Libecap, 38 S.W.(2d) 408, we had occasion to investigate somewhat at length the question here involved, and refer to that case and authorities cited in support of our holding in the instant case.

We think the receiver is still in office, that he is entitled either to rents or possession of the property, and is fully authorized, by article 2310, R. S. 1925, to prosecute, in his official capacity, such suit or suits as may be necessary, to vindicate his authority. We express no opinion in regard to the merits of the pending forcible detainer suit, but assume that the court having jurisdiction of that matter, will correctly apply the law to the facts. Defendants' application is denied.

Plaintiff has filed a motion, to require defendants to file a transcript, prepared in

accordance with the statutes and rules of court, alleging that the transcript contains pleadings abandoned and superseded by amendments, also bills of exception presenting rulings of the trial court on exceptions to pleadings.

Plaintiff's motion is denied; however, matter having no proper place in the transcript will be ignored, and if the minutes of court fail to disclose rulings on exceptions to pleadings, assignments presenting such rulings for review, based alone on bills of exception, will not be considered. At the proper time, on motion of an interested party, all costs incident to the inclusion of improper matters in the transcript will be taxed against the offending party.

The application of defendants, and the motion of plaintiff, are denied.