**LOUISVILLE PROFESSIONAL FIRE FIGHTERS ASSOCIATION, etc., et al., Appellants,**

v.

**CITY OF LOUISVILLE, Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1974.

Rehearing Denied May 10, 1974.

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellants.

John V. Hanley and James E. Thornberry, Louisville, for appellees.

JONES, Justice.

Appellant Harold Seidenfaden, an employee of Appellee City of Louisville, Division of Fire (hereinafter the city) was promoted on September 10, 1972, from sergeant to captain, the promotion to become permanent upon Seidenfaden's successful completion of a probationary period of one year. KRS 90.160. On September 8, 1973, Seidenfaden was told that he had not successfully completed his term of probation; and he was returned to his former position. Seidenfaden was not told of the reasons for his demotion, nor was he given a hearing. KRS 90.190.

Seidenfaden then appealed to the Jefferson Circuit Court which granted summary judgment in favor of appellees, because the court found that there was no genuine issue as to any material fact. CR 56.03. Now Seidenfaden appeals from the summary judgment.

■ The first issue we decide is whether KRS 90.190 is constitutional. Seidenfaden claims that the trial court held that KRS 90.190 allows appellee to demote him (Seidenfaden) for exercising his right to freedom of speech and that the statute is therefor unconstitutional. This assertion is frivolous; by no stretch of the imagination could one say that the trial court held that KRS 90.190 allows a demotion for mere exercising of one's right to freedom of speech. The statute states, in pertinent part, that

> "(1) . . . employes holding probationary appointments may be dismissed without the appointing authority being required to furnish either the board or the . . . demoted employe with a written statement of the reasons for such . . . demotion. Any employee who has been . . . demoted holding a regular appointment, shall be entitled . . . to a public hearing. . . ." KRS 90.190(1).

We are unconvinced that we should hold KRS 90.190 unconstitutional.

■ The next issue we discuss is whether such a probationary employee as Seidenfaden has a vested right in retaining the position to which he has been promoted. We are unaware of any Kentucky decisions on point. However in Vaccaro v. Board of Education, 54 Misc.2d 206, 282 N.Y.S.2d 881 (1967), the court held, at 884, that it is "an established principle that provisional appointees acquire no vested rights or vested interests to permanent appointment by virtue of their temporary service." We hold that Seidenfaden's promotion is based not upon right, but upon privilege. Thus the city could not have violated any of his rights by removing him from a position to which he had acquired no right.

■ The last issue we will reach is whether the action of the city in refusing to make Seidenfaden's probationary appointment permanent was arbitrary or capricious. The essence of probationary employment is that the employer have unfettered discretion in deciding whether to retain a probationary employee. The promoting authority may demote a probationer for reasons which would be insufficient after the employee's promotion becomes permanent following the period of probation; and if the demotion is not a punitive action directed at some exercise of a constitutional right on the employee's part, the courts should not question the reasons underlying the demotion.

Because Seidenfaden did not raise in the pleadings a genuine issue as to any material fact the judgment is affirmed.

All concur.