Horace L. SMITH et al., Appellants,

v.

CITY OF HOUSTON et al., Appellees.

No. 16895.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 23, 1977.

Peter D. Williamson, Thomas G. Bousquet, Houston, for appellants.

Otis H. King, City Atty., Alan F. Levin, Sr. Asst. City Atty., Dennis C. Gardner, Asst. City Atty., Houston, for appellees.

EVANS, Justice.

This action by appellants, former employees of the City of Houston, questions the authority of the City to terminate their employment without holding a hearing before the civil service commission. The trial court dismissed the appellants' suit for want of jurisdiction.

Under the Civil Service Code of the City of Houston each employee appointed to a position in the classified service is required to complete a twelve month probationary period termed a "working test period", be-fore being considered a classified employee. (Sec. 12–122, Division 9, Rule 9.)

Another section of Rule 9, entitled, "Removal during probation" provides:

"In case the department head deems a probationary employee unable or unwilling to render satisfactory service, or for other sufficient cause, the head of the department, with the approval of the civil service commission, may remove such employee upon written notice to the commission. When any employee is removed for any cause during probationary period, he shall not be entitled to a hearing before the civil service commission." (Section 12–125)

Appellant Horace L. Smith had been appointed to the position of Assistant Director of Public Works, Waste Water Division and appellant William K. Thomasset had been appointed to the position of Assistant Director of Public Works. At the time of the termination of their respective services, each of the appellants had completed less than 12 months of service, and it appears to be a conceded fact that each then occupied the status of a probationary employee within the meaning of the Code.

The appellants' position in this action is that since their notices of termination indicated that they were being discharged for economic reasons, they were entitled to a hearing before the Civil Service Commission notwithstanding that they were probationary employees.

Both the appellants were notified by the Director of the Department of Public Works that their termination was "necessary due to reduction in force in management brought about by economic conditions." On this basis, the appellants argue that Rule 11 of the Civil Service Code, rather than Rule 9, was applicable to the circumstances of their termination. Section 12–140 of Rule 11, applicable to "Layoffs" provides:

"When a position is abolished through reorganization of a department or reassignment of duties, or is discontinued by reason of lack of work or funds, or other

good cause, the incumbent of that position shall be so notified and at the stated time his salary and work shall cease. This shall constitute a layoff. It shall be for reasons not reflecting discredit upon the employee and the department head shall so notify the employee in writing at least five (5) days in advance of the layoff, and a copy of the layoff notice forwarded promptly to the director. A suspension, dismissal, or discharge shall not constitute a layoff and vice versa. Every layoff shall be subject to review by the commission."

In response to the appellants' argument, the appellees contend that the reasons stated in the notifications were merely designed to protect appellants' professional reputations and to assist them in their future employment prospects and that the testimony of the Director of the Department of Public Works shows that they were discharged for unsatisfactory service. The appellees direct attention to the civil service forms under which the appellants' terminations were processed, indicating that appellants were "discharged" rather than "laid off".

 Under Rule 9 of the City of Houston Civil Service Code, probationary employees are not considered "classified employees" until the completion of their probationary period, and the rules relating to employees within the classified service are not applicable to their positions. Thus, the provisions of Rule 11 do not apply to probationary employees and they may be removed for sufficient cause without a hearing before the civil service commission. See, 15A Am. Jur.2d, Civil Service, § 57, pp. 77–78.

In the case at bar the Commission determined that the appellants had been dismissed for sufficient cause under the provisions of Rule 9. Unless the City's action is shown to have been arbitrary or capricious, the Commission's ruling should not be disturbed. *Louisville Professional Fire Fighters Ass'n v. City of Louisville,* 508 S.W.2d 42 (Civ.App.Ky.1974); 62 C.J.S. Municipal Corporations § 740, pp. 1523–1525.

In the absence of statutory authority, there is no inherent right to appeal an order of the civil service commission to the district court, unless the commission's order affects "vested property rights or otherwise violate some constitutional provision." *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788 (1951); *Sanchez v. El Paso Civil Service Commission,* 475 S.W.2d 323, 324 (Tex.Civ.App.-El Paso 1971, writ ref'd n. r. e.); *Pruitt v. City of Houston,* 548 S.W.2d 90 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ). The appellants held no vested right in their appointed positions and their removal was consistent with the provisions of the City's Civil Service Code and did not constitute a denial of their fundamental rights of due process. *Louisville Professional Fire Fighters Ass'n v. City of Louisville,* supra; *City of Tacoma v. Civil Service Board of Tacoma,* 10 Wash. App. 249, 518 P.2d 249 (1973).

The trial court properly concluded that it was without jurisdiction to consider the appellants' action.

The judgment of the trial court is affirmed.