Opinion issued June 12, 2008

 

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00851-CV






BARTHOLOMEW U. STEPHENS, Appellant


V.


CITY OF HOUSTON, MAYOR BILL WHITE, TONI LAWRENCE,
CAROL GALLOWAY, MARK GOLDBERG, ADA EDWARDS, ADDIE
WISEMAN, M.J. KHAN, PAM HOLM, CAROL ALVARADO, GORDON
QUAN, SHELLEY SEKULA-GIBBS, RONALD GREEN, THE CITY OF
HOUSTON CIVIL SERVICE COMMISSION FOR MUNICIPAL
EMPLOYEES, Appellees






On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2006-20487






O P I N I O N


 Appellant, Bartholomew U. Stephens, challenges the trial court's order that
granted a plea to the jurisdiction in favor of appellees, the City of Houston, Mayor
Bill White, Toni Lawrence, Carol Galloway, Mark Goldberg, Ada Edwards, Addie
Wiseman, M.J. Khan, Pam Holm, Carol Alvarado, Gordon Quan, Shelley Sekula-Gibbs, Ronald Green and the City of Houston Civil Service Commission for
Municipal Employees (collectively referred to as "the City"). In four issues on
appeal, Stephens argues that (1) the City Council and government of the City of
Houston ignored the limitations and delegations in the Charter of the City of Houston;
(2) the City of Houston ignored a rejection of a Charter change by the voters by
adopting an ordinance that contradicts the existing Charter language; (3) a department
head in the Houston City government improperly terminated a city employee because
authority to terminate rests exclusively with the City's Mayor; and (4) Texas courts
may properly review the termination of an employee of a municipality governed by
a City Charter.

 The City responds that the district court properly granted its plea to the
jurisdiction because there was no live controversy between the parties when Stephens
sued, Stephens lacked standing to bring this action under the Declaratory Judgment
Act, and therefore, the court lacked subject matter jurisdiction over this suit. 

 We affirm.

Background


 Stephens had been employed by the City of Houston since 1989. In March
2005, Stephen Williams, the Director of the City's Health and Human Services
Department, notified the Civil Service Commission for Municipal Employees of the
City of Houston ("CSC") that he had indefinitely suspended Stephens pursuant to
article V-a, section 3 of the Houston City Charter and Houston City Code § 14-182(b). (1) Stephens was also notified that he was indefinitely suspended and that he
could appeal the decision. Stephens appealed Williams's decision to the CSC. After
reviewing documentation and hearing testimony, the CSC "upheld and sustained"
Stephens's indefinite suspension in April 2005, resulting in his permanent dismissal
from City employment under article V-a, section 3 of the City Charter. Stephens did
not appeal the CSC's final decision terminating his employment with the City.

 On July 18, 2006, nearly a year after the CSC upheld his termination, Stephens
filed an original petition seeking a declaration that the City had unlawfully amended
a separate article of its charter--article VI, section 7a--two months before he was
indefinitely suspended in March 2005 by amending the Houston Code of Ordinances
(Houston Code section 14-182(b)) to permit the City's department directors to
suspend civil service employees indefinitely. (2) He sought a further declaration that his
dismissal was beyond the power of the department head and, therefore, wrongful, and
he sought reinstatement to his prior position and back pay. 

 In his petition, Stephens contended that before January 25, 2005, the effective
date of section 14-182(b) of the City Code, the "mayor had the exclusive authority
and power to indefinitely suspend any civil service employee, as granted to [the
mayor] by Article VI, section 7a of the Houston City Charter." Stephens argued that
"[t]o give department head[s] and director[s] this type of authority, the Charter must
be amended by the voters of the City of Houston pursuant to Article XI, Section 5 of
the Texas Constitution." (3) Stephens also argued that the CSC had "acted outside its
authority in upholding the decision by a director to indefinitely suspend [Stephens]
and other civil service employees similarly situat[ed]." In his request for relief,
Stephens asked that "Houston Code § 14-182(b) be declared unconstitutional,
unlawful, or invalid in violation of Article XI, Section 5 of the Texas Constitution"
and "that he be reinstated to the position of Environmental Investigator III and
awarded back pay from the date of his indefinite suspension until the date of
reinstatement." 

 The City responded to Stephens's filing of this cause of action by a plea to the
jurisdiction contending (1) that Stephens's claims were moot because his suspension
was final and there was no timely appeal from that suspension on constitutional
grounds and (2) that as a non-employee of the City, he lacked standing either to bring
a declaratory judgment action complaining about the provisions under which he was
terminated or to seek reinstatement and back pay. The City also argued that it made
no difference who had suspended Stephens because the CSC heard Stephens's appeal
and upheld the order.

 At the hearing on the City's plea to the jurisdiction, the City argued that
Stephens lacked standing because there was no justiciable controversy that the court
could resolve. The City reasoned that there was no appeal from the CSC ruling and
that Stephens did not dispute that the decision of the CSC was final. The City also
argued that, in the absence of a live controversy that could affect his rights, Stephens
lacked standing to bring an original action for a judgment declaring the statute under
which he was terminated invalid and seeking damages and reinstatement under the
Declaratory Judgment Act.

 After the hearing, Stephens was permitted to file a response to the plea to the
jurisdiction. He argued that the CSC's April 2005 order terminating his employment 
was not final as to the validity of the amended ordinance. He also argued that the
"mayor has express[] power to remove all employees subject to review by the Civil
Service Commission." He acknowledged that a department head has the power to
suspend a Civil Service employee, but he disputed that a department head has charter
authority to "indefinitely suspend," or to "remove," a civil service employee. (4) The
trial court granted the City's plea to the jurisdiction and dismissed the case.

Plea to the Jurisdiction


Standard of Review

 "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat
a cause of action without regard to whether the claims asserted have merit." Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Although the plaintiff's
claims may form the context against which the jurisdictional plea is determined, the
plea generally "should be decided without delving into the merits of the case." Id.
"[A] court deciding a plea to the jurisdiction is not required to look solely to the
[plaintiff's] pleadings but may consider evidence and must do so when necessary to
resolve the jurisdictional issues raised." Id. at 555. However, in general, "the proper
function of a dilatory plea does not authorize an inquiry so far into the substance of
the claims presented that plaintiffs are required to put on their case simply to establish
jurisdiction." Id. at 554. We review de novo a trial court's ruling on a jurisdictional
plea, construing the pleadings in the plaintiff's favor and looking to the pleader's
intent. See Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855
(Tex. 2002); Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993). In addition, courts always have jurisdiction to determine their own
jurisdiction. Houston Municipal Employees Pension Sys. v. Ferrell, 248 S.W.3d 151,
158 (Tex. 2007).


Stephens's Standing to Bring This Declaratory Judgment Action

 Stephens filed this declaratory judgment action more than a year after his
permanent dismissal from City employment. He argues that he has standing to bring
this action "because the decision rendered by the Civil Service Commission did not
dispose of his claim that Defendant, the mayor, and city council exceeded powers of
the charter in permitting his department head to terminate him." Stephens also
maintains that he is a taxpayer and a registered voter of the City. The City argues that
Stephens lacks standing because there is no longer a controversy between the parties
and his claims are therefore moot. The City also argues that the trial court lacked
jurisdiction over the declaratory judgment action because immunity from suit bars
declaratory judgment actions that seek to establish the basis for monetary damages. 

 Standing is implicit in the concept of subject matter jurisdiction. Tex. Ass'n of
Bus., 852 S.W.2d at 443. Subject matter jurisdiction is essential to the authority of
a court to decide a case. Id. In analyzing issues of standing, we focus on whether a
party has a sufficient relationship with the lawsuit to have a "justiciable interest" in
the outcome. Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005). 
When a plaintiff is personally aggrieved, he has standing. Id. 

 The standing doctrine requires that there be a "real controversy between the
parties" which "will be actually determined by the judicial declaration sought." Id.
at 849 (quoting Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659,
662 (Tex. 1996)). Standing to challenge the constitutionality of a statute requires that
the plaintiff have suffered some actual or threatened injury under the statute that
unconstitutionally restricts his own rights. Barshop v. Medina County Underground
Water Conservation Dist., 925 S.W.2d 618, 626 (Tex. 1996). "If a case becomes
moot, the parties lose standing to maintain their claims." Williams v. Lara, 52 S.W.3d
171, 184 (Tex. 2001) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105-06, 103
S. Ct. 1660, 1666-67 (1983) (holding that inmates who had been released from jail
lacked cognizable interest in obtaining injunctive or declaratory relief)). A litigant's
request for relief under the Declaratory Judgment Act neither confers jurisdiction on
a court nor changes a suit's underlying nature, nor does it waive sovereign immunity
to suits that seek to establish a basis for obtaining monetary damages. See IT-Davy,
74 S.W.3d at 855, 856; see also Ferrell, 248 S.W.3d at 159 (holding that trial court
lacks jurisdiction when legislature has not authorized trial court to grant relief
sought).

 In this case, Stephens agrees that the CSC reviewed and upheld his indefinite
suspension, resulting in the termination of his employment with the City, and that the
CSC's order was final. The only question, therefore, is whether the CSC's final order
was appealable. 

 Article V-a, section 3 of the City Charter is entitled "Removal of Employees." 
Last amended in 1982, section 3 authorizes a department head to suspend a City
employee indefinitely, at which point "his salary shall cease." (5) Houston, Tex., City
Charter, art. V-a, § 3. The department head's order of suspension must be filed
with the CSC, which may review the order if the employee files an appeal of the
decision within ten days. Id. Section 3 further provides that the suspended employee
"may, if he desires, file an appeal with the civil service commission which shall hold
a hearing and render a decision in writing within thirty days after it receives the
appeal as to whether the employee shall be permanently dismissed from the service
of the city, or reinstated in his employment." Id. The Charter does not provide a right
of appeal from the CSC's final order of dismissal or reinstatement.

 It is well-established that there is no right to judicial review of an
administrative order without an authorizing statute unless the order violates the
constitutional rights of the plaintiff. Ferrell, 248 S.W.3d at 158; General Servs.
Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 597 (Tex. 2001). Specifically,
in the absence of statutory authority, a municipal city employee has no inherent right
to appeal an order of the CSC to the district court, "unless the commission's order
affects vested property rights or otherwise violates some constitutional provision." 
See Harris v. Civil Service Comm'n for Municipal Employees of the City of Houston,
803 S.W.2d 729, 730 (Tex. App.--Houston [14th Dist.] 1990, no writ) (holding that
"suspension was final following the decision of the hearing board, and [employee]
had no right to appeal absent clear statutory authorization or a claim that his
constitutional rights had been violated"); Smith v. City of Houston, 552 S.W.2d 945,
947 (Tex. Civ. App.--Houston [1st Dist.] 1977, no writ). Otherwise, the words "final
and binding" when used to describe an administrative decision, preclude judicial
review of the decision. Ferrell, 248 S.W.3d at 158. 

 After Williams indefinitely suspended Stephens, Stephens appealed to the CSC.
The CSC conducted a hearing in which it considered testimony and evidence and
upheld the indefinite suspension. The CSC's disposition resulted in Stephens's
permanent dismissal from City employment under article V-a, section 3 of the City
Charter. Stephens did not challenge that decision on the grounds that the CSC's order
affected his "vested property rights or otherwise violated some constitutional
provision." See Smith, 552 S.W.2d at 947. Likewise, there was no challenge that
City Code section 14-182(b) illegally amended article V-A, section 3 of the City
Charter, under which Stephens was terminated, and thus affected his constitutional
rights. 

 We conclude that the CSC issued a final order of dismissal which Stephens had
no right to appeal and that he did not timely raise a constitutional challenge to that
order. Thus, there is no live controversy affecting Stephens's constitutional rights. 
Because Stephens was permanently dismissed as a City employee and he failed to
appeal the final dismissal order of the CSC on constitutional grounds, his claims are
now moot and he lacks a legally cognizable interest in obtaining the declaratory relief
he seeks. See Williams, 52 S.W.3d at 184. Moreover, the legislature has not
conferred on the district courts the right to review a municipal employee's
termination and to order reinstatement and back pay. See Ferrell, 248 S.W.3d at 159. 
Nor does the Declaratory Judgment Act confer jurisdiction on the courts to adjudicate
claims seeking to establish the basis for monetary relief. See IT-Davy, 74 S.W.3d at
855, 856. We hold that the district court lacked subject matter jurisdiction over
Stephens's declaratory judgment action and, therefore, the court did not err in
granting the City's plea to the jurisdiction. 

Conclusion


 We dismiss the appeal for want of jurisdiction. We deny all outstanding
motions as moot. (6)

 




 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.
1. Article V-a, section 3 provides in relevant part:

 

 Any employee may be suspended by the head of the department under
which he is employed, and thereupon his salary shall cease. The officer
making the order of suspension shall forthwith file with the civil service
commission a statement of the suspension and his reasons therefor. Within ten
days after such suspension the employee so suspended may, if he desires, file
an appeal with the civil service commission which shall hold a hearing and
render a decision in writing within thirty days after it receives the appeal as
to whether the employee shall be permanently dismissed from the service of
the city, or reinstated in his employment. All such hearings shall be public; the
decision of the commission shall be final. . . .


Houston, Tex., City Charter, art. V-a, § 3 (Act of March 18, 1905; added by amendment
Oct. 15, 1913) (emphasis added). 


Houston City Ordinance section 14-182(b), effective January 25, 2005, provides, 


 A department director may, for just cause, indefinitely suspend, demote,
or reduce in pay, any civil service employee in his department (or
division) which action shall be subject to appeal and review by the
commission pursuant to the authority vested in it by the Charter and
these rules.


Houston City Code § 14-182(b).
2. Article VI, section 7a gives the Mayor "the power to appoint, subject to confirmation
by the City Council, such heads of departments in the administrative service of the
City as may be created by ordinance, and the Mayor shall have the power to remove
such heads of departments at any time he shall see fit without confirmation by the City
Council. The Mayor shall also have the power to appoint and remove all other
employees of the City, such appointments and removals to be subject, however, to the
civil service provisions of the Charter." Houston, Tex., City Charter, art. VI, § 7a. 
But see Article V-a, section 3, supra note 1 (granting removal authority to department
heads). Stephens was removed from City employment pursuant to article V-a, section
3.
3. Article XI, section 5 of the Texas Constitution provides, "Cities having more than five
thousand (5000) inhabitants may, by a majority vote of the qualified voters of said
city, at an election held for that purpose, adopt or amend their charters." Tex. Const.
art. XI, § 5.
4. But see Houston, Tex., City Charter, art. V-a, § 3, supra at note 1 (expressly
granting department heads power to dismiss municipal employees permanently).
5. See note 1 supra.
6. The City of Houston filed a motion to strike Stephens's authorities.