**Opinion issued February 21, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00738-CV

———————————

## KAREN ANN CERVANTES GATLIN, Appellant

## V.

## JOEY MOORE, REPRESENTATIVE OF THE ESTATE OF JOE SAM IRVINE, DECEASED, Appellee

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Case No. 09-CV-0187

## MEMORANDUM OPINION

Appellant Karen Gatlin appeals a judgment entered against her in favor of

Joey Moore, appellee. Moore, on behalf of the estate of her deceased father, Joe

Sam Irvine, sued Karen and Chris Gatlin for breach of contract, statutory fraud,

misrepresentation, violation of Texas Property Code Subchapter D, and quantum meruit. Sitting without a jury, the trial court awarded Moore $22,527.89 based on the theory of quantum meruit. In three points of error, Gatlin contends: (1) Moore lacked standing to bring this suit; (2) the evidence is legally and factually insufficient to support the judgment; and (3) the trial court erred by admitting Moore's damages evidence because Moore did not disclose the evidence in discovery. We affirm.

## Background

In 2004, Irvine moved into a house in Crystal Beach, which was owned by Gatlin. On April 13, 2005, Irvine and Gatlin signed a handwritten document reflecting the sale of the house by Gatlin to Irvine. This document reflects the address of the house, a "down payment" of $10,000, a balance of $75,000, and the signatures of Irvine and Gatlin, both of which are dated April 13, 2005. The document also shows that Irvine later made payments of $20,000 and $5,000 and that the balance remaining as of July 1, 2005, was $50,000. Bank records show that Irvine made additional periodic payments to Gatlin. While Irvine lived in the house, he hired his neighbor, Lynn Stansbury, to make various improvements to the house.

After Irvine's death in 2007, Moore and her husband collected Irvine's possessions from the house and found the handwritten document reflecting Irvine's

2

purchase of the house. Eventually, Moore opened probate proceedings in Louisiana and obtained a Judgment of Possession, which recognized Moore as the sole heir of Irvine's estate, but did not include the Crystal Beach house in the estate's property. The Gatlins moved back into the Crystal Beach house, but the home was later destroyed by Hurricane Ike.

Moore, on behalf of Irvine's estate, sued the Gatlins for breach of contract, statutory fraud, misrepresentation, violation of Texas Property Code Subchapter D, and quantum meruit. At the bench trial, Stansbury testified that Irvine hired him to make several improvements to the house, including building a deck, screening in a porch, framing a bathroom, and installing a dumbwaiter. He explained that these improvements were not necessary for the structure of the house, but were made because Irvine wanted to improve the house and make it nicer. According to Stansbury, he received payments for his work directly from Irvine. Stansbury was also under the impression that Irvine had bought the house from the Gatlins.

Gatlin testified that she drew up the handwritten document reflecting the sale of the house that she and Irvine signed. She explained that she received, and cashed, several checks from Irvine, but that Irvine stopped making payments for several months and, therefore, the later checks she received were rent payments, not payments toward the purchase price of the house. Gatlin also testified that Irvine made certain improvements to the house while he was living there, but that

3

those improvements were not necessary. She explained that she and her husband moved back into the house after Irvine's death and that she collected insurance proceeds on the house after it was destroyed by Hurricane Ike.

At the conclusion of the bench trial, the trial court determined that if there was an enforceable contract for deed, it was breached by Irvine's failure to make consistent payments. Additionally, the court found that Irvine made improvements to the property, which increased its value, and that Gatlin benefited from those improvements while living there and through the collection of insurance proceeds after the house was destroyed in Hurricane Ike. The court also found that: (1) Moore is the proper representative of Irvine's estate and has standing to bring this lawsuit; (2) Moore's claims for breach of contract and rescission are not supported by evidence and the issue of whether the alleged contract violates the Statute of Frauds is moot; (3) Gatlin testified that Irvine was a renter with no rights; however, the handwritten document indicates that Irvine thought he was purchasing the property and the evidence shows that Irvine's payments to Gatlin totaled $47,350; (4) Gatlin signed the handwritten document and that fostered a mistaken belief that Irvine had greater interest in the property than that of a renter; and (5) reasonably believing he was purchasing the property, Irvine made and paid for significant improvements to the house exceeding $22,527.89, and Gatlin wrongfully benefitted from those improvements.

4

According to the trial court, Moore was entitled to recover based on the equitable theory of quantum meruit because Irvine was led to believe that he possessed a greater interest in the property than that of a renter and Gatlin encouraged that belief. Acting on that belief, Irvine made significant repairs to the property in excess of $22,527.89. Therefore, the court entered judgment for Moore in that amount. Gatlin appeals.

### Discussion

#### A. Standing

Before we reach the merits, we consider Gatlin's contention that Moore lacks standing to bring this claim. Standing is a component of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Subject-matter jurisdiction is a question of law and subject to de novo review. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A plaintiff has standing when she is personally aggrieved by the alleged wrong. *Stephens v. City of Houston*, 260 S.W.3d 163, 167 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Generally, a suit to recover estate property may be brought only by a personal representative. *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). Citing no authority, Gatlin contends that Moore lacked standing to bring this suit because she failed to identify any claim to the Crystal Beach house

in the Louisiana probate proceedings.  However, it is undisputed that Moore was the representative of Irvine's estate.  Therefore, Moore had standing to sue in that capacity for the recovery of any property belonging to Irvine's estate.  *See Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971) (finding that general rule that personal representative of estate of decedent is ordinarily only person entitled to sue for recovery of property belonging to estate applies to suits to recover damages for breach of contract entered into by decedent during his lifetime); *see also* TEX. PROB. CODE ANN. § 233A (West 2008) (administrators may institute "[s]uits for the recovery of personal property, debts, or damages and suits for title or possession of lands or for any right attached to or growing out of the same or for injury or damage done thereto.").  We conclude that Moore, having been named representative of Irvine's estate, had standing to bring this suit.  *See Frazier*, 472 S.W.2d at 752; *see also* TEX. PROB. CODE ANN. § 233A.

We overrule Gatlin's second point of error.

## B.    Quantum Meruit

In her first point of error, Gatlin contends there is no evidence or, alternatively, insufficient evidence to support an award for quantum meruit.

### 1.    Standard of Review

In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict.  *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.

6

1994); *Nguyen v. Yovan*, 317 S.W.3d 261, 269–70 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). We review a trial court's findings of fact under the same legal and factual sufficiency of the evidence standards used when determining whether sufficient evidence exists to support an answer to a jury question. *Catalina*, 881 S.W.3d at 297; *Nguyen*, 317 S.W.3d at 270.

We consider the legal sufficiency of the evidence in the light most favorable to the prevailing party, according every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable factfinder could not do so. *See Tricon Tool & Supply, Inc. v. Thumann*, 226 S.W.3d 494, 500–01 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "If there is any evidence of probative force to support the finding, i.e., more than a mere scintilla, we will overrule the issue." *City of Houston v. Hildebrandt*, 265 S.W.3d 22, 27 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (citing *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005)).

All the evidence must be considered when reviewing a factual sufficiency complaint. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex. 1986). The verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We cannot "substitute our opinion for that of the trier of fact

merely because we might have reached a different conclusion." *Glockzin v. Rhea*, 760 S.W.2d 665, 666 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

2. **Analysis**

Quantum meruit is an equitable remedy generally available when there is no express contract covering the services or materials furnished. *See Fulgham v. Fischer*, 349 S.W.3d 153, 159 (Tex. App.—Dallas 2011, no pet.) (citing *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988)). This remedy "is based upon the promise implied by law for beneficial services rendered and knowingly accepted." *Vrott Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (quoting *Truly*, 744 S.W.2d at 936). Recovery in quantum meruit prevents unjust enrichment to the party who benefited from the work. *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 465 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). To recover under quantum meruit, the plaintiff must prove:

> (1) that valuable services were rendered or materials were furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, was expecting to be paid by the person sought to be charged.

*Id.*

Gatlin does not dispute that Irvine made improvements to the house, but contends the evidence is legally and factually insufficient to support the judgment because the improvements were made for the sole benefit of Irvine (not for her),

8

and because Irvine did not expect Gatlin to pay him for the improvements. We disagree.

Irvine made and paid for improvements to the house beginning in 2005, when Irvine believed he had bought the house from Gatlin. Gatlin acknowledged originally agreeing to sell the house to Irvine, and she acknowledged accepting more than half of the purchase price of the house. But Gatlin testified that Irvine later breached the agreement by failing to make payments toward the principal as agreed, and thus become a tenant whose subsequent payments to Gatlin were for rent only. There was no evidence that Irvine believed he was merely a renter. The record thus supports the trial court's findings that Irvine paid for improvements to the house reasonably believing he owned the house, and that Gatlin fostered Irvine's belief that his interest in the house was more than that of a tenant. We conclude this evidence is sufficient to support the trial court's implied finding that the improvements were made under circumstances that notified Gatlin that she would be expected to pay for the improvements. *See Campbell v. Northwestern Nat'l Life Ins. Co.*, 573 S.W.2d 496, 498 (Tex. 1978) (upholding quantum meruit claim and damages for reasonable value of services rendered where plaintiff made improvements to apartment complex with expectation that he would be given option to purchase apartment complex).

The evidence is also sufficient to support the third element—acceptance, use, and enjoyment by the person sought to be charged. It is undisputed that Gatlin used and enjoyed the improvements by asserting ownership of and moving back into the improved house after Irvine's death. Gatlin also collected the insurance proceeds on the house, as improved by Irvine, after it was destroyed in Hurricane Ike.

In sum, we conclude there is more than a scintilla of evidence that Gatlin accepted, enjoyed, and benefitted from the improvements, and that the circumstances were such that Gatlin was reasonably notified that Irvine, whose status changed from owner to tenant, would expect to be compensated for these improvements. *See Haggar Clothing Co.*, 164 S.W.3d at 388. Having considered all of the evidence, we likewise conclude that the trial court's finding that Moore was entitled to recover under quantum meruit is no so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176.

We overrule Gatlin's first point of error.

## C.    Damages

In her third point of error, Gatlin contends that the trial court erred by admitting testimony regarding Irvine's checks as evidence of economic damages. Gatlin objected to testimony regarding Moore's economic damage model on the

basis that Moore failed to disclose the evidence in response to a request for disclosure.

A party may request disclosure of the amount and any method of calculating economic damages. TEX. R. CIV. P. 194.2(d); *Harris County v. Inter Nos, Ltd.*, 199 S.W.3d 363, 367 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Rule 193.6(a) of the Texas Rules of Civil Procedure states:

> A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

TEX. R. CIV. P. 193.6(a). A party's failure to provide complete responses to discovery results in automatic exclusion of the evidence, unless the trial court finds good cause or lack of unfair surprise or prejudice. *See Dyer v. Cotton*, 333 S.W.3d 703, 717 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Norfolk S. Ry. Co. v. Bailey*, 92 S.W.3d 577, 581 (Tex. App.—Austin 2002, no pet.). The burden of establishing good cause, lack of unfair surprise, or lack of unfair prejudice is on the party seeking to introduce the evidence or call the witness. TEX. R. CIV. P. 193.6(b); *Dyer*, 333 S.W.3d at 717. The trial court has discretion in determining

11

whether good cause or lack of unfair surprise exists, but such a finding must be supported by the record. TEX. R. CIV. P. 193.6(b); *Dyer*, 333 S.W.3d at 717.

Here, Moore's petition reflects that she sought a ". . . full refund of all . . . the costs of improvements to the property . . . ." And Moore produced copies of Irvine's checks which reflected amounts Irvine paid for those improvements. We conclude this was sufficient to provide notice to Gatlin of the amount for which Moore would seek reimbursement for the improvements. *See Marin v. IESI TX Corp.*, 317 S.W.3d 314, 323 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (affirming trial court's admission of accounting summary of fees incurred during investigation based on finding of no unfair surprise, even though summary was not timely disclosed, where plaintiff's petition specifically sought damages based on costs of investigation into and correction of false accounting entries); *Williams v. County of Dallas*, 194 S.W.3d 29, 33 (Tex. App.—Dallas 2006, pet. denied) (affirming trial court's admission of delinquent tax statement based on lack of unfair surprise, even though taxing unit did not disclose tax statement in response to request for disclosure, because original petition gave notice that lawsuit included all claims for taxes currently delinquent and those becoming delinquent on property after lawsuit was filed); *see also MeGehee v. Campbell*, No. 01-08-1023-CV, 2010 WL 1241300, at *4 (Tex. App.—Houston [1st Dist.] March 25, 2010, no pet.) (mem. op.) (upholding award of damages in partition case, where appellant

12

contended discovery responses were not sufficient to give notice of claimed damages, because appellee specifically stated in response that he sought damages for wrongful exclusion from property and alleged reasonable value of rent). We conclude the trial court did not abuse its discretion by admitting Moore's damages evidence based on its finding that Gatlin was not unfairly surprised.

We overrule Gatlin's third point of error.

## Conclusion

We affirm the trial court's judgment.


                                        Rebeca Huddle
                                        Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.