

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00093-CV
_____

LAWRENCE HIGGINS, APPELLANT

V.

DAVID BLOUNT, CINDY EVANS,
AND DAVID GLEASON, APPELLEES

On Appeal from the 47ᵀᴴ District Court
Randall County, Texas
Trial Court No. 64,391-A, Honorable Dan L. Schaap, Presiding

May 17, 2013

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code,[1] the trial court dismissed the claims being asserted by Appellant, Lawrence Higgins, in the underlying lawsuit. In that proceeding, Higgins had alleged that, during the course of

---

[1] See TEX. CIV. PRAC. & REM. CODE ANN. § 14.001-.014 (WEST 2002 & WEST SUPP. 2012). Chapter 14 contains procedures governing inmate litigation and the dismissal of frivolous lawsuits. Subsequent citations to Chapter 14 throughout the remainder of this opinion will simply be as "section ____" and "§ ____."

his 2001 criminal trial for murder, Appellees, the Honorable David Gleason, and two assistant district attorneys, David Blount and Cindy Evans, engaged in a conspiracy to deny him due process under state and federal law. Higgins contends the trial court erred in dismissing his lawsuit because (1) his factual allegations, when taken as true, support a valid cause of action and (2) he filed a motion to change venue prior to its dismissal. We affirm.

## BACKGROUND

Higgins is an inmate of the Texas Department of Criminal Justice, Institutional Division. In December 2011, he filed a *pro se, in forma pauperis* lawsuit against Judge Gleason, Blount and Evans. In his petition, entitled *Due Course of Law Complaint,* Higgins contends that during his criminal trial Blount and Evans sought to suppress admissible evidence and Judge Gleason formed an opinion of guilt prior to hearing the evidence, denied him compulsory process of witnesses, denied his right to self-representation, refused to appoint competent counsel and admitted an illegally obtained confession. His sole allegation regarding the nature of the conspiracy is that "Blount and Evans filed motions to suppress evidence clearly admissible according to the rules of evidence and the trial court granted the motion showing a pattern of conspiracy to convict complainant by any means necessary." As a result of these allegations, Higgins seeks (1) a declaration that the defendants violated state and federal law and (2) a permanent injunction ordering them to comply with the law.

On January 20, 2012, Judge Gleason filed a motion to dismiss Higgins's *Complaint.* Ten days later, Higgins filed a *Motion for Change of Venue.* Without ruling on that motion, on February 14, 2012, the trial court entered an *Order of Dismissal*,

2

dismissing the lawsuit against Judge Gleason, Blount and Evans. In its order, the trial court found the lawsuit to be frivolous, for purposes of Chapter 14, because his claims (1) lacked an arguable basis in law or fact, (2) had no realistic chance of ultimate success, and (3) were substantially similar to previous claims filed by him on direct appeal and in prior *habeas corpus* proceedings.

## STANDARD OF REVIEW

A trial court's dismissal of an inmate's *in forma pauperis* suit pursuant to Chapter 14 is reviewed for abuse of discretion; *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 654 (Tex.App.—Houston [14th Dist.] 2002, pet. denied), and may be reversed if the trial court acted arbitrarily, capriciously, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 70 S.W.2d 238, 241-42 (Tex. 1985). A trial court has broad discretion to dismiss an inmate's suit if the claim asserted is frivolous or malicious; *Martinez v. Thaler,* 931 S.W.2d 45, 46 (Tex.App.— Houston [14th Dist.] 1996, writ denied), and a decision to dismiss will be affirmed if it is proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990). Moreover, a trial court may exercise its authority to dismiss a lawsuit under Chapter 14 without a motion to dismiss. *See* § 14.003(a); *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex.App.—Fort Worth 2008, no pet.).

In determining whether a lawsuit is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove

3

facts in support of the claim; or (4) the claim is substantively similar to a previous claim filed by the inmate because it arises from the same operative facts. § 14.003(b).

When, as here, an inmate's lawsuit has been dismissed as frivolous for having no basis in law or in fact, but no fact hearing was held, our review focuses on whether the inmate's lawsuit had an arguable basis in law. *See Hamilton v. Pechacek,* 319 S.W.3d 801, 809 (Tex.App.—Fort Worth 2010, no pet.). While a Chapter 14 dismissal is reviewed under an abuse of discretion standard, the issue whether a claim has no arguable basis in law is a question of law that we review *de novo. Id.*

### IMMUNITY

On behalf of Appellees, the Texas Attorney General's Office contends that dismissal was proper because Higgins's claims have no arguable basis in law or in fact. The Attorney General's Office reasons that because Appellees were sued for acts committed in their respective official capacities,[2] sovereign immunity barred the claims and Higgins's realistic chance of ultimate success was, therefore, slight. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009); *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 776 (Tex.App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.). In that regard, we note that all of Higgins's complaints are based upon acts Appellees allegedly performed in their official capacities as an integral part of the judicial process during the course of the criminal prosecution instituted against him by the State of Texas. As judicial officers, Appellees are entitled to judicial immunity and derived

---

[2]A suit against an official in his official capacity "seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than name, . . . a suit against the entity.'" *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Higgins has consistently urged that he is suing the defendants in their official capacity only.

judicial immunity—forms of absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (recognizing absolute immunity to suits under 42 U.S.C. § 1983); *Charleston v. Pate*, 194 S.W.3d 89, 91 (Tex.App.—Texarkana 2006, no pet.). *See Martinez v. Hardy*, 864 S.W.2d 767, 772-73 (Tex.App.—Houston [14th Dist.] 1993, no writ) (concluding district clerk protected by absolute immunity). Therefore, unless an exception to these immunity claims were to exist, Higgins's claim would have no arguable legal basis and the realistic chance of ultimate success in such a proceeding would be extremely slight.

## ULTRA VIRES EXCEPTION

Exceptions to such forms of governmental immunity do exist under the *ultra vires* exception. Governmental immunity "does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." *Heinrich*, 284 S.W.3d at 368-69. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620, 623 (Tex. 2011) (per curiam). To invoke this *ultra vires* exception, it must be shown that the officer acted without legal authority or failed to perform a purely ministerial act. *Heinrich*, 284 S.W.3d at 372. Where such facts exist, the doctrines of absolute immunity and official immunity do not bar an action for prospective declaratory or injunctive relief against judges or prosecutors. *Reyna v. City of Weslaco*, 944 S.W.2d 657, 661 (Tex.App.—Corpus Christi 1997, no writ) (citing *Holloway v. Walker,* 765 F.2d 517, 525 (5th Cir.), *cert. denied,* 474 U.S. 1037, 106 S.Ct. 605, 88 L.Ed.2d 583 (1985)). *See Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 736-37, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).

Although Higgins contends that his claims fall within this *ultra vires* exception, that exception only applies to claims seeking prospective injunctive relief. The Texas Declaratory Judgment Act is not intended as a vehicle to avoid sovereign immunity. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) (citing *W.D. Haden Co. v. Dodgen,* 308 S.w.2d 838, 842 (Tex. 1958)). Rather, the Texas Declaratory Judgment Act is "intended as a means of determining the parties' rights when a controversy has arisen but before a wrong has been committed, 'and is preventative in nature.'" *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (*per curiam*) (quoting *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 713 (Tex. 1945)). *See Stephens v. City of Houston*, 260 S.W.3d 163, 167-68 (Tex.App.—Houston [1st Dist.] 2008, no pet.). Therefore, to invoke the *ultra vires* exception, any injunctive relief that could be granted would have to be prospective relief.

In this proceeding, Higgins requests a declaration that the defendants' acts and omissions violated state and federal law and a "permanent injunction ordering the defendants to comply with the due course of law by admitting the acts [alleged in the complaint] were committed." To the extent he seeks to avoid governmental immunity by invoking the *ultra vires* exception, we note that Higgins is seeking retrospective declaratory relief that certain past acts violated his state and federal rights. Furthermore, to the extent that his prayer for relief appears to request prospective injunctive relief, we note that he seeks a future admission that past acts were committed.

Although the *ultra vires* exception to governmental immunity permits prospective declaratory and injunctive relief, we conclude that because Higgins ultimately seeks

6

relief for acts he believes were already committed, the *ultra vires* exception does not apply to the facts of this case. *Heinrich*, 284 S.W.3d at 374-77.

Furthermore, to the extent Higgins's pleadings can be construed as requesting prospective declaratory and injunctive relief as a "post-conviction remedy," such relief is unavailable. The procedure established in article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when a conviction is final and the applicant is confined by virtue of his felony conviction. *See Ex parte Adams*, 768 S.W.2d 281, 287 (Tex.Crim.App. 1989) (orig. proceeding); *McBride v. State*, 114 S.W.3d 556, 557 (Tex.App.—Austin 2002, no pet.). *See also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (WEST SUPP. 2012). Article 11.07 vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. 1991) (orig. proceeding). *See Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.,* 910 S.W.2d 481, 483 (Tex.Crim.App. 1995) (orig. proceeding) (*per curiam)*; *In re Watson*, 253 S.W.3d 319, 320 (Tex.App.—Amarillo 2008, orig. proceeding).

Furthermore, to the extent Higgins is requesting a general injunction requiring prospective compliance with the law, such an injunction cannot be granted. An injunction must be definite, clear, and precise; it must inform the defendant of the acts from which the defendant is restrained without calling on the defendant to make inferences. TEX. R. CIV. P. 683; *Webb v. Glenbrook Owners Ass'n,* 298 S.W.3d 374, 384 (Tex.App.—Dallas 2009, no pet.). An injunction is not available to "prevent

commission of wrongs not imminently threatened." *Webb*, 298 S.W.3d at 384. Here, Higgins has failed to specify an imminently threatened wrong.

## CHANGE OF VENUE

Higgins further contends the trial court erred in dismissing his lawsuit because he filed a motion to change venue prior to its dismissal. He contends that prior to taking any further action, the trial judge should have either recused himself of referred the matter to the regional presiding judge pursuant to Rule 18a of the Texas Rule of Civil Procedure. Rule 18a does not apply to motions to change venue.

Motions to change venue are governed by Rule 257 which provides that a change of venue may be granted in a civil proceeding upon the motion of any party, supported by the movant's affidavit and the affidavit of at least three credible persons, who are residents of the county in which the lawsuit is pending. TEX. R. CIV. P. 257. A motion to transfer venue may be granted if (1) there exists so great a prejudice against the movant that a fair or impartial trial cannot be had in the county where the lawsuit is pending, (2) there is a combination against the movant instigated by influential persons, by reason of which the movant cannot expect a fair and impartial trial, (3) an impartial trial cannot be had in the county where the action is pending, or (4) for any other sufficient cause determined by the trial court. *Id.* Nowhere does the rule require, as Higgins suggests, that, upon the filing of such a motion, the trial judge must recuse himself or request the presiding judge of the administrative region to assign a judge to

8

hear the motion.[3]  Furthermore, because Higgins's motion for a change of venue is unsupported by any affidavits and contains only conclusory assertions without any factual allegations, it has no arguable basis in law.

### CONCLUSION

Accordingly, we find the trial court did not abuse its discretion in its dismissal of Higgins's lawsuit because there is no arguable legal basis for an exception to the immunity claims of Appellees and thus the realistic chance of ultimate success on the merits of his claim is not only slight, it is non-existent.  Furthermore, the trial court did not err by failing to rule on the motion to transfer venue prior to dismissing his lawsuit. Higgins's issues are overruled.

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

---

[3]*In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167 (Tex.App.—Corpus Christi 1999, no pet.) and *Carson v. Gomez*, 841 S.W.2d 491 (Tex.App.—Houston [1st Dist.] 1992, no pet.) are of no assistance to Higgins because the cases address issues related to motions to recuse under Texas Rule of Civil Procedure 18a. *See In re Rio Grande Valley*, 987 S.W.2d at 171; *Carson*, 841 S.W.2d at 492.  Texas Rule of Civil Procedure 257 contains no provision similar to that in Rule 18a(f).  *Compare* TEX. R. CIV. P. 257 *with* 18a(f) (which requires that, on the filing of a motion for recusal, the trial court either sign and file a recusal order or disqualification, or sign and file an order referring the motion to the regional presiding judge).